[No. 1431.  Decided December 5, 1894.]

LORENZO BOZZIO, *Appellant*, *v.* JOHN VAGLIO, *Respondent*.

VACATION OF JUDGMENT—DILIGENCE OF MOVING PARTY—DISCRETION OF COURT—RIGHT TO OPEN AND CLOSE—APPEAL—OBJECTIONS NOT RAISED BELOW.

While the party seeking to have a judgment set aside must proceed with diligence, within the year allowed by § 1395, Code Proc.,

the question of diligence, as well as the sufficiency of the showing, is addressed to the discretion of the lower court, and its action in granting a petition therefor will only be set aside when it appears that there is an abuse of such discretion.

Where a judgment by default has been set aside on petition therefor and a new trial granted, error of the court in ruling that the burden of proof is on the defendant to show a valid defense, thus depriving plaintiff of the right to open and close, cannot be urged on appeal, in the absence of an exception at the trial.

*Appeal from Superior Court, Pierce County.*

*A. A. Knight,* for appellant.

*Leo & Jordan,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—Appellant brought a personal action for damages against the respondent and obtained a judgment against him therein upon the 22d day of March, 1893. The cause had been pending for some time, and at the time of the trial the respondent was not present, and had no knowledge that the cause was then to be tried. Thereafter, in the month of November, he presented a petition under the provisions of Title 14, Code Proc., asking to have such judgment vacated upon the grounds specified in subd. 7 of § 1393; and in support thereof alleged that he had employed a firm of attorneys, Messrs. Leo & Jordan, to defend said action, and that they had filed an answer in his behalf; but at the time said cause was called for trial Mr. Leo of said firm, the person with whom he had transacted the business, was absent from the city, attending a session of the legislature; and that the other member of said firm, Mr. Jordan, had no personal knowledge of such employment, but understood that said firm had only been employed to file an answer in said cause, and had not been retained to defend the same further than that.

Upon the hearing of said petition, and after having permitted an amendment to the same, the court ruled that the defendant should have a new trial, but directed that the

judgment theretofore entered should stand until after such trial. The cause was submitted to a jury who brought in a verdict for the respondent; whereupon the judgment rendered in the former action was vacated and another one entered in favor of the respondent on the verdict, and this appeal was prosecuted therefrom.

Appellant contends that said petition ought not to have been granted because the same was not diligently prosecuted, it appearing from the petition that the respondent became aware of said judgment on the 16th day of May following its rendition, while his proceeding to vacate the same was not brought until in November thereafter. Respondent contends that he was entitled to a year after the rendition of such judgment within which to bring the proceedings in question. Sec. 1395 provides that such proceedings must be commenced "within one year after the rendition of the judgment," etc. We are of the opinion, however, that the party seeking to have a judgment set aside must nevertheless proceed with diligence within the year allowed. But this question of diligence is addressed to the discretion of the lower court, and we are not prepared to say that the action of the court in entertaining the petition several months after the respondent became aware of the judgment, was an abuse of discretion under the circumstances of this case, as it appears that a prior application had been made to have such judgment set aside, which, however, was not acted upon, the court sustaining an objection raised by the appellant thereto of a want of jurisdiction to entertain it, in consequence of some defect in the proceedings.

It is further contended by appellant that the showing made by the respondent to set aside the judgment was utterly insufficient, and that the petition should not have been granted; but after a review of the facts proven, we find nothing therein sufficient to warrant us in disturbing the action of the lower court thereon; for this question was also addressed to the discretion of the lower court, and the question presented here is, was there an abuse of such discretion, and it does not appear that there was any.

Appellant further complains of the ruling made by the court on the second trial, that the burden of proof was upon the respondent to show that he had a good defense to the action, on the ground that such ruling took away his right to open and close the case to the jury. The act relating to the vacation of judgments on such proceedings is indefinite and uncertain in some particulars, and it would seem from the record that the trial court was of the opinion that the cause as it then stood before the jury was not as to whether the plaintiff had a cause of action which he was called upon to establish, but as to whether the defendant had a valid defense thereto, and that the burden was upon the defendant to show this.

We are of the opinion, however, that this was erroneous. The question to be determined upon the petition was whether or not the former judgment should be vacated. This was in effect done by the order granting a new trial. After the petition had been determined the cause then stood for trial as any other cause, or as if there had been no previous trial thereof. A ruling that the burden of proof rested upon the defendant cannot be considered as a ruling in favor of the plaintiff, when he objects thereto and has the right to assume the burden of proof and to open and close the case. In this instance, however, there is no foundation in the record for the question raised, as it does not appear that any objection or exception was taken to the action of the court in thus ruling.

Finding no error in the proceedings, the judgment is affirmed.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.
18-10 W