[No. 3616. Decided February 23, 1901.]

AARON KUHN, *Appellant,* v. CHARLES S. MASON *et al., Respondents.*

JUDGMENTS — PETITION FOR VACATION — SUFFICIENCY OF ALLEGATIONS.

Where judgment has been rendered discharging an insolvent debtor, it will not be vacated upon the petition of a creditor whose petition does not allege that he presented his claim against the estate and brought himself within the statute, so far as the duty of a creditor is concerned; nor that he is otherwise interested in the judgment rendered; nor that, in case of its vacation, the subsequent proceedings would not result in the same judgment.

SAME — VACATING — LACHES OF PETITIONER.

Although Bal. Code, § 5156, requires proceedings for the vacation of judgments to be brought within one year after their rendition, the right to grant or deny the petition is discretionary with the trial court, and its refusal to grant a petition to vacate when the year of limitation was within three days of expiration would not constitute abuse of discretion, where there is no showing of diligence on the part of the petitioner, nor of any reason why he had not proceeded earlier.

SAME — IMPROPER REMEDY FOR REVIEWING ERRORS OF LAW.

Bal. Code, § 5153, subd. 3, which authorizes a court to vacate or modify its judgment after the term at which it was rendered, for "irregularity in obtaining the judgment or order," does not contemplate that errors of law committed by the court may be

corrected by motion to vacate, since the proper remedy in case
of such errors is an appeal from the judgment.

Appeal from Superior Court, Whitman County.—Hon.
WILLIAM McDONALD, Judge. Affirmed.

*S. J. Chadwick* and *William J. Bryant,* for appellant:

To determine the sufficiency of the facts alleged in any
pleading they must be taken in connection with the law
applicable thereto. The principle is well established, and
has been adopted by this court, that the law in force at
the time of the execution of a contract determines the
rights of the parties with reference thereto in all pro-
ceedings affecting the same. *In re Heilbron's Estate,* 14
Wash. 536 (35 L. R. A. 602); *Swinburne v. Mills,* 17
Wash. 611 (61 Am. St. Rep. 932); *Herrick v. Niesz,* 16
Wash. 74; *Bettman v. Cowley,* 19 Wash. 207 (40 L. R. A.
815). The law governing remedies and limitations upon
recoveries at a time a contract is entered into, becomes a
part of the contract, and subsequent statutes affecting such
contracts must be construed with reference to the prior
laws, as if they were expressly referred to or incorpo-
rated in its terms. This rule goes to all questions involv-
ing the validity, construction, discharge, and enforcement.
*Walker v. Whitehead,* 16 Wall. 314 (21 L. ed. 357). A
state law discharging the person or the property of the
debtor, and thereby terminating the legal obligation of the
debt, cannot constitutionally be made to apply to debts
contracted prior to the passage of the law. *Ogden v.
Saunders,* 12 Wheat. 213 (6 L. ed. 606); Brandenburg,
Bankruptcy, p. 9.

The statute regulating insolvency and bankruptcy
must be strictly pursued, even though the court given
jurisdiction is a court of general jurisdiction. *Muskett
v. Drummond,* 10 Barn. & C. 153; *Christie v. Unwin,*

11 Ad. & El. 373; *Cohen v. Barrett,* 5 Cal. 196; *Morse v. Presby,* 25 N. H. 299; *Eaton v. Badger,* 33 N. H. 228; *Northcut v. Lemery,* 8 Ore. 317; *Furgeson v. Jones,* 17 Ore. 204 (3 L. R. A. 620, 11 Am. St. Rep. 808); *Tyler v. Reynolds,* 53 Iowa, 146; *Long, v. Hewitt,* 44 Iowa, 363.

*Wyman & Neill,* for respondents:

In proceedings to vacate a judgment, the petitioner must show three essential conditions to exist in turn: (1) That he is a party to the action or proceeding in which the judgment to be vacated was entered. *State ex rel. Dodge v. Langhorne,* 12 Wash. 592; *Woods v. Irwin,* 23 Am. St. Rep. 282; Freeman, Judgments (2d ed.), § 92. (2) That he had a beneficial interest in having the judgment vacated. Bal. Code, § 5158; *Miracle v. Lancaster,* 46 Iowa, 179; *Morton v. Coffin,* 29 Iowa, 235. (3) He must show that he proceeded with diligence.

The opinion of the court was delivered by

DUNBAR, J.—The appellant sought by petition, under the provisions of chapter 17, title 28, Bal. Code, to vacate a certain order of the court below discharging respondent Charles S. Mason, an insolvent debtor, from further liability on account of any indebtedness existing against him, and discharging the respondent, A. A. Miller, assignee, from his trust as such. The order of discharge was made on September 13, 1898, and the proceedings to vacate were commenced on September 9, 1899. A demurrer was interposed to the petition on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained, and from the judgment of the court in sustaining said demurrer this appeal was taken.

The question involved is the sufficiency of appellant's petition. The petitioner was a creditor of the estate. The promissory note, the basis of the appellant's claim against respondent Mason, was executed in August, 1892. The insolvency law of 1890 (Gen. Stat. §§ 2741-2755) was then in force, and it is contended by the appellant that a creditor under a contract executed while that act was in effect is entitled to all the rights conferred by it, and that a debtor is charged with a full performance of all the requirements of that act before he can obtain a discharge in insolvency. The act of 1890 provided that no discharge could be obtained unless a showing was made that not less than fifty per cent. of the full amount of the indebtedness of the insolvent over and above all expenses of the assignment had been realized from the estate, and the contention is that the settlement must be made under the provisions of the law in effect at the time that the contract was made, and not in accordance with the provisions of subsequent enactments. It is also claimed that, even under the existing law, the report of the assignee was not sufficient. We are of the opinion that the court did not err in sustaining the demurrer to this petition, and for several reasons: First, the petition does not allege such an interest in the petitioner as would justify him in asking for an order vacating the judgment. A stranger to a judgment cannot ask for its vacation, for it is no concern of his whether the judgment be right or wrong. It is true, the petitioner alleges that he is a creditor of the estate, but he does not allege that he has presented his claims or brought himself within the statute so far as the duty of a creditor is concerned; neither does he allege such an interest in the judgment as would warrant him in applying for its vacation; nor does he allege that, if the judgment were vacated, the subsequent proceedings

7-24 WASH.

would not result in the same judgment. It is true, he alleges that a certain report was not made by the assignee, which, under the statute, should have been made; but he does not allege that the report could not be made under the existing facts, and, unless the petition negatives the conclusion that a re-trial of a cause will eventuate in a different judgment, the judgment will not be vacated. Judgments are not vacated to vindicate abstract law; the proceeding is an equitable one, and cannot be invoked excepting in the aid of practical benefit. It was said by this court in *Tacoma Lumber & Mfg. Co. v. Wolff,* 7. Wash. 478 (35 Pac. 115, 755):

"It is not enough to entitle a party to have a judgment against him vacated that he should show that it had been irregularly entered; he must, in addition thereto, establish to the satisfaction of the court the fact that such judgment is unjust and inequitable as against him. Proceedings of this kind are of an equitable nature, and courts will not interfere with the judgment simply because it may have been erroneously entered, unless, in addition thereto, it is made to appear that it is unjustly burdensome to the moving party. In such a proceeding pure technicalities can have little influence upon the decision of the court, if the judgment sought to be vacated is not of such a nature that, if it were set aside, the moving party would be able to interpose a substantial defense upon a new trial, or in another proceeding involving the same cause of action."

The right to a vacation of judgments, while it existed at common law for certain specific reasons, viz., fraud and collusion, is in this state statutory; and, if appellant brings himself within the statute at all, it is within the provisions of subd. 3, of § 1, chapter 17, title 28, Bal. Code, which provides for the vacation of a judgment for mistakes, neglect or omission of the clerk or irregularity in obtaining the judgment or order. There is no mistake,

neglect, or omission of the clerk alleged, but it is alleged that the judgment was irregularly obtained. But the irregularity provided for by the statute does not mean an irregularity such as is shown by the petition in this case, viz., that the court misconstrued the law. Irregularities which are generally invoked for the purpose of vacating a judgment, and which will justify a vacation of the judgment after term time, are where a judgment was entered in favor of the plaintiff before the time for answering had expired, or where the judgment was entered while there was an answer or demurrer on file and not yet disposed of, and other irregularities of this character.

Again, the petition does not show diligence. It is insisted by the appellant that he has met the requirements of the statute when he files his petition within a year, but such is not the voice of authority. The rule is thus announced in 15 Enc. Pl. & Pr., p. 268:

"Without regard to the provision of the statutes as to the time within which an application to vacate or set aside a judgment shall be made, it may be laid down as a general rule that, with certain exceptions—as in the case of void judgments—a party must institute such proceeding with due diligence, and his right to obtain relief against the judgment will be barred by unreasonable and unexplained laches in applying therefor"; citing a great many cases.

Neither is this an open question in this state, for in *Bozzio v. Vaglio,* 10 Wash. 270 (38 Pac. 1042), it was said by this court:

"Appellant contends that said petition ought not to have been granted because the same was not diligently prosecuted, it appearing from the petition that respondent became aware of said judgment on the 16th day of May following its rendition, while his proceeding to vacate the same was not brought until in November there-

after.   Respondent contends that he was entitled to a
year after the rendition of such judgment within which
to bring the proceedings in question.   Sec. 1395 provides
that such proceedings must be commenced 'within one
year after the rendition of the judgment,' etc.   We are of
the opinion, however, that the party seeking to have a
judgment set aside must nevertheless proceed with dili-
gence within the year allowed.   But this question of dili-
gence is addressed to the discretion of the lower court,
and we are not prepared to say that the action of the
court in entertaining the petition several months after
the respondent became aware of the judgment, was an
abuse of discretion under the circumstances of this case,
as it appears that a prior application had been made to
have such judgment set aside, which, however, was not
acted upon, the court sustaining an objection raised by
the appellant thereto of a want of jurisdiction to enter-
tain it, in consequence of some defect in the proceedings."

Thus it will appear that, while in that case this court
sustained the lower court in its action in granting the
motion to vacate the judgment, it did so because, under
the circumstances of that case,—which it will be observed
are not similar to the circumstances in this case,—it was
found that the court did not abuse the discretion vested in
it.   And certainly, under the doctrine announced there, we
are not able to find that the court abused its discretion in
this case in not granting the petition to vacate when the
year of limitation was within three days of expiration,
without any showing of diligence whatever, or any reason
why the petition had not been made before.   It is not the
policy of the law to disturb judgments, after a long time
has elapsed, without good reason being shown for such
delay.   In addition to this, it is not the intention of the
law that the motion to vacate shall take the place of an
appeal, and, under the provisions of this petition, if the
court did not act in accordance with the law, its failure

was purely error, which ought to have been appealed from. The irregularity contemplated by the statute is not an error which the court may make in construing statutes or in passing upon grave questions of constitutional law. On this question also this court has spoken. We decided in *Dickson v. Matheson,* 12 Wash. 196 (40 Pac. 725), that error of law committed by the court in including attorney fees in a judgment against a partnership could not be corrected by petition to vacate the judgment, when no fraud has been practiced upon the court, but must be reached by appeal. In that case it was said:

"No fraud was practiced, and, at most, there was simply error of law upon the part of the court in giving judgment for the amount claimed as attorney's fees. But we do not think that a petition to vacate the judgment is the proper proceeding for the purpose of correcting an error of law, and the statute which authorizes proceeding by petition to vacate and modify a judgment in the court in which it is rendered does not include an 'error of law' within the causes for which such proceedings may be taken. The final judgment pronounced upon a hearing upon the merits cannot be set aside by the petition under the statute for mere error into which the court may have fallen;"

citing Black on Judgments, § 329, where that author says:

"It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or *certiorari,* according to the case, but it is no ground for setting aside the judgment on motion."

The judgment is affirmed.

REAVIS, C. J., and ANDERS, J., concur.

FULLERTON, J., not sitting.