[No. 4433. Decided April 5, 1904.]

JOHN O. FISHER, *Respondent,* v. PUGET SOUND BRICK, TILE AND TERRA COTTA COMPANY, *Respondent,* AND LARRIS CAIN, *as Receiver, Appellant.*[1]

JUDGMENTS — VACATION — JUDGE PRO TEMPORE — JURISDICTION TO HEAR MOTION TO VACATE JUDGMENT. Where a case is heard by a judge *pro tempore* appointed for the purpose, he has jurisdiction to hear and determine a motion to vacate and set it aside.

JUDGMENTS—VACATION—NOTICE OF ENTRY UNNECESSARY— SUFFICIENCY OF SHOWING—DISCRETION IN REFUSING TO VACATE. It is not error to refuse to vacate a judgment made nine months after its entry, because of failure to serve notice thereof and

[1]Reported in 76 Pac. 107.

of the findings of fact and conclusions of law, upon the affidavit of counsel that he had no notice of the judgment for a "long time" after its entry and would have perfected an appeal if he had had notice in time, where opposite counsel make affidavit that actual notice was given orally and by leaving a copy at the attorney's office, and that they conversed about the judgment two months after its entry, since it is unnecessary to give notice of the time and place of signing a judgment, and no abuse of discretion appears in refusing to vacate the judgment on the showing made.

Appeal from an order of the superior court for King county, Hon. Frank P. Lewis, judge *pro tempore,* entered April 17, 1902, denying a motion to vacate a judgment, after a hearing upon affidavits.    Affirmed.

*J. J. McCafferty* and *William Welch,* for appellant.

*R. R. George* and *George E. de Steiguer.* ·

Per Curiam.—Larris Cain, as receiver, appeals from the following order made by the superior court of King county, in the case of John O. Fisher, plaintiff (respondent), against Puget Sound Brick, Tile and Terra Cotta Company, defendant (also a respondent), in which action Larris Cain is named as receiver of said company:

"The motion of Larris Cain to vacate the findings of fact, conclusions of law and decree made and entered herein, came on regularly for hearing before the Honorable Frank P. Lewis, Judge *pro tempore,* herein, upon the 16th day of April, 1902, the said Larris Cain appearing by his attorney, James J. McCafferty, and the defendants, Puget Sound Brick Tile and Terra Cotta Company and William A. Trinkle, appearing by their attorney, R. R. George, and by G. E. de Steiguer, of counsel.

"Thereupon at the commencement of said hearing, the said Larris Cain, by his counsel, objected to said motion being heard by the said Frank P. Lewis, judge *pro tempore* herein, and excepted to the jurisdiction of said · judge *pro tempore,* which said objections and exceptions

were overruled by the court, to which ruling the said Larris Cain, by his counsel, excepted, and such exception was allowed; and thereupon, said hearing proceeded.

"Affidavits were read in support of and against said motion, and after the argument of counsel, said hearing was duly continued till this 17th day of April, 1902. And now, at the time and place to which said continuance was had, the court being fully advised in the premises, denies said motion.

"WHEREFORE, it is hereby ordered, adjudged and decreed, that said motion of the said Larris Cain to vacate and set aside said findings of fact, conclusions of law and decree, be and the same is hereby denied, to which denial of said motion said Larris Cain, by his counsel excepts, which said exception is by the court allowed; and said Larris Cain gave notice in open court that he appeals from this order to the supreme court.

"Done in open court this 17th day of April, 1902."

It is first contended by appellant that Hon. Frank P. Lewis, as judge *pro tempore* in the court below, was without authority and jurisdiction to hear and determine the motion to vacate the findings, conclusions, and decree designated in the above order. No question is raised regarding the regularity of the appointment of the judge *pro tempore*. The record shows that this motion was regularly entered, on the motion calendar of said court, for hearing on March 29th 1902, and upon that day this motion came on for argument before Hon. G. Meade Emory, the presiding judge of such court. Judge Emory held "that he had no jurisdiction to hear this motion and that it should come up before the Hon. Frank P. Lewis, who presided as judge *pro tempore*, and made the original findings and decree." Judge Emory, therefore, dropped the motion from his calendar, to which Cain excepted. We are of the opinion that the superior court, per Judge Emory presiding, committed no error in refusing to enter-

tain the motion to vacate such findings, conclusions, and decree; that Judge Lewis was duly vested with authority and jurisdiction to hear and determine this motion, and make the order in question; that the case at bar in that particular falls squarely within the rule announced by this court in *State ex rel. Cougill v. Sachs,* 3 Wash. 691, 29 Pac. 446. In that case it was held, that a judge *pro tempore* of the superior court, appointed to try, hear, and determine the action, retained jurisdiction to the end. See, also, *Nelson v. Seattle Traction Co.,* 25 Wash. 602, 66 Pac. 61.

It is next urged that the trial court erred in denying appellant's motion to vacate and set aside the above findings, conclusions, and decree. The record shows that on May 14th, 1901, Judge Lewis made certain findings and conclusions of law, which were filed in the clerk's office of the lower court on the same day. On the 25th day of May, 1901, said judge signed the decree based upon these findings and conclusions, which decree was filed on June 12, 1901. On March 25, 1902, J. J. McCafferty, Esq., made and filed an affidavit in this cause, in which he stated, "that he is and was at all times the attorney of record for Larris Cain, as receiver, in the above entitled action; that no service of the alleged findings of fact, conclusions of law, and decree, was ever made upon this affiant, and that he had no knowledge of such findings of fact, conclusions of law, and decree until long after the same was entered; and that it was his intention to appeal from the decree so entered had he had notice of the time of same in time therefor." This affidavit was the basis of appellant's motion to vacate the findings, conclusions, and decree to which reference has already been made in the consideration of appellant's first assignment of error.

In the court below, counter affidavits of R. R. George
and G. E. de Steiguer were submitted on the hearing of
this motion. The former swore that he was the attorney
of the Puget Sound Brick, Tile and Terra Cotta Com-
pany, one of respondents, at the final hearing of said
action in the trial court; that, at the conclusion of the
testimony, it was arranged between affiant, said McCaf-
ferty, and Judge Lewis, that each party should prepare
and submit proposed findings of fact and conclusions of
law; that "affiant prepared and submitted to said court
such proposed findings and conclusions, and served a
copy thereof upon said McCafferty, and the said McCaf-
ferty prepared and submitted to said court such proposed
findings and conclusions." Affiant George further stated,
that he endeavored to get McCafferty to agree upon a time
for the argument of the merits of such findings and con-
clusions; that McCafferty informed affiant he did not
wish to argue said matters, and was willing to let the
court decide thereon without argument, and to make and
sign such findings and conclusions as it might deem
proper; that affiant informed Judge Lewis of said state-
ment, and that said judge thereupon signed said findings
and conclusions, except as regards certain items charged
against appellant, as receiver, which were stricken out;
that affiant immediately thereafter notified said McCafferty
of the signing of such findings and conclusions with the said
alterations, and offered to make such changes in the copies
theretofore served upon McCafferty, but that the copies
could not be found; that, about one or two months after
the entry of the above decree, affiant George had a con-
versation with McCafferty, in which conversation the lat-
ter asked affiant about the amount of the judgment entered
upon hearing of the above matter; and that, upon the day

of the rendition of such decree, affiant left a copy thereof at the office of said McCafferty in Seattle on his desk, he being absent, between the hours of 6:00 o'clock A. M. and 9:00 o'clock P. M. G. E. de Steiguer also swore that on the 3rd day of December, 1901, the appellant and his sureties on the receiver's bond were personally served with a summons and complaint in an action brought in the superior court of King county, by said company and others, against Larris Cain and his sureties. Copies of the summons and complaint are incorporated in the statement of facts. This complaint refers definitely to these findings, conclusions, and decree. The appellant Cain did not controvert the statements made in the affidavits of George and de Steiguer.

The chief contention made by appellant in the affidavit of Mr. McCafferty is that it was the intention of the receiver Cain to appeal from the decree, had he received notice thereof in time. It is significant to note in this connection that Mr. McCafferty fails to state in his affidavit that he had no knowledge or information as to the signing of such findings, conclusions, and decree until after the time had elapsed for taking an appeal to this court. He leaves that important feature to be inferred, by stating that he had no such knowledge until a long time after the decree was entered. What he considered "a long time" is shrouded in uncertainty. Moreover, we have the uncontroverted sworn statements of attorney George that appellant's attorney was served with a copy of the decree in question, in the manner above stated, and that he was personally cognizant of the entry of such decree in time to have appealed therefrom to this court. The appellant fails to allege any sufficient excuse for not excepting to the findings and conclusions of the trial court within five days after he

or his attorney had knowledge thereof.   No exception was necessary to review on appeal the order and judgment entered June 12, 1901, against the receiver Cain.   Pierce's Code, § 668; Bal. Code, §5051; *Taylor v. Spokane Falls & Northern R. Co.,* 32 Wash. 450, 73 Pac. 499.   This court held, in *Brooks v. James,* 16 Wash. 337, 47 Pac. 751, in construing Laws of 1893, p. 112, § 3, (Pierce's Code, § 669), that it was unnecessary to give appellant notice of the time and place of signing the judgment in the action. In *Western Security Co. v. Lafleur,* 17 Wash. 406, 49 Pac. 1061, the following language is used: "It is not necessary for the validity of a decree or judgment that it be served upon any party to the cause after the same is filed."   In the recent case of *Kinkade v. Witherop,* 29 Wash. 10, 69 Pac. 399, this court says:

"It appears that the trial court entered a judgment immediately upon filing its findings of fact and conclusions of law, which were filed in the absence of and without notice to the appellant's counsel.   It is contended that the statute (§ 5052, Ballinger), inasmuch as it allows the party desiring to except to the findings five days in which to do so after service of the same upon him when signed subsequently to the hearing and in his absence contemplates that the judgment shall not be entered until the exceptions are filed, or the time for excepting has expired.   While, perhaps, this may be the better practice, as it gives to the trial court an opportunity to review its findings in the light of the exceptions, it does not constitute reversible error. The losing party may still except within the time, and appeal in the regular way.   It does not drive him, as the appellant suggests, to a motion or petition to vacate, in order to have the judgment reviewed on appeal."

See, further, *Irwin v. Olympia Water Works,* 12 Wash. 112, 40 Pac. 637; *Braely v. Marks,* 13 Wash. 224, 43 Pac. 27.

The application to vacate the decree was addressed largely to the discretion of the trial court, and could at best be reviewed only for an abuse of that discretion. No such abuse appears. *Bozzio v. Vaglio,* 10 Wash. 270, 38 Pac. 1042; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182.

No reversible error appearing in the record, the order and judgment appealed from must be affirmed.