[No. 5479.   Decided March 30, 1905.]

B. F. WALTON, *Respondent,* v. WM. G. HARTMAN *et al.,*
*Appellants.*[1]

APPEAL AND ERROR—IRREGULAR JUDGMENT—NECESSITY OF MOVING
AGAINST IN TRIAL COURT.   Appeal does not lie from a default
judgment, irregularly entered without notice to a defendant who
had appeared, where the judgment was not first moved against
in the trial court.

SAME—DECISION—AFFIRMANCE ON DISMISSAL—MOVING AGAINST
DEFAULT IN TRIAL COURT.   Upon dismissing an appeal from an ir-
regularly entered default judgment, because the same was not
moved against in the trial court, the judgment will not be af-
firmed, since the trial court may in its discretion, upon a proper
showing, still set aside the default upon terms.

Appeal from a judgment of the superior court for Oka-
nogan county, Hon. William Baines, Court Commissioner,
entered July 16, 1904, in favor of the plaintiff, upon de-
fault of the defendants to plead over, after the overruling
of a demurrer to the complaint.   Appeal dismissed.

*E. Fitzgerald,* for appellants.

*Alvin W. Barry,* for respondent.

ROOT, J.—In this case, appellant Mary Hartman was
served with summons and complaint, but no service was
had upon Wm. G. Hartman, and he never appeared in the
action.   To respondent's complaint, Mary Hartman inter-
posed a demurrer, which was overruled by the trial court,
and an allowance of forty days made her within which
to further plead.   She having neglected to plead over,
and not expressing an intention to stand upon her de-
murrer, the trial court, at the expiration of sixty-nine days,
entered an order of default against her. and a few days

[1] Reported in 80 Pac. 196.

later entered judgment accordingly. Both the order and judgment were made and entered without notice to her. From the judgment she appeals to this court.

It is her contention that, having appeared in the case, she was entitled to notice of each proceeding thereafter taken, and that the default and judgment were irregularly entered, inasmuch as she received no notice thereof. Respondent moves to dismiss the appeal and affirm the judgment, upon several grounds, one of which is that an appeal from a judgment, on the ground of its being obtained and entered irregularly, will not lie until the aggrieved party shall first have moved against such judgment in the trial court.

Under the authority of former decisions of this court, the motion must be granted. Appellant was doubtless entitled to notice of the motion, and hearing of the same, for default and judgment. But when those proceedings were had without notice, it became incumbent upon her, before appealing, to call the trial court's attention thereto by an appropriate motion to set the judgment aside. Not having done so, she is not in a position to have that court's action reviewed here. *Belles v. Carroll*, 6 Wash. 131, 32 Pac. 1060; *State ex rel. Hennessy v. Huston*, 32 Wash. 154, 72 Pac. 1015; *Pacific Supply Co. v. Brand*, 7 Wash. 357, 35 Pac. 72.

In the case last cited, appellant's demurrer was overruled, and he was allowed a certain number of days to plead over. He not pleading further within that time, and not announcing that he stood upon his demurrer, the trial court entered default judgment against him. Without moving to set such default judgment aside, he attempted to appeal. It was held that an appeal would not lie. In the case of *Belles v. Carroll, supra*, this court dismissed the appeal, but declined to affirm the judgment, for

the reason that appellant should be given an opportunity to move in the trial court against the judgment, if legally permissible. We believe this the proper course to pursue wherever possible. Appeals should not be dismissed except where the law clearly necessitates such action; and, where dismissal is necessary, affirmance of the judgment should be granted only where further proceedings, looking to an adjudication upon the merits, would be improper or impossible under the law.

Upon the dismissal of this appeal, appellant, if she desires, may move or petition the trial court to set aside said default and judgment. A showing, in explanation of her neglect to plead over and of her delay in appealing, should be required. The matter of granting or refusing such motion or petition to vacate the judgment, if made, will be one resting largely in the sound, legal discretion of the trial court, as will, also, the question of imposing terms as a condition of granting such relief. *Livesley v. O'Brien,* 6 Wash. 553, 34 Pac. 134; *Bozzio v. Vaglio,* 10 Wash. 270, 38 Pac. 1042; *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748.

The motion to dismiss the appeal is granted. The motion to affirm the judgment is denied.

MOUNT, C. J., CROW, DUNBAR, and RUDKIN, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.