[No. 7571. Decided March 1, 1909.]

M. C. WARREN, *Respondent*, v. HARRY HERSHBERG, *Appellant*.[1]

JUDGMENT—VACATION—GROUNDS—ERROR OF LAW. A motion to vacate a judgment under Bal. Code, § 5153, cannot be made for error of law.

SAME—DILIGENCE—SUFFICIENCY OF SHOWING. A motion to vacate a judgment for irregularities or fraud under Bal. Code, § 5153, cannot be made more than two years after entry of the judgment without a showing of unavoidable casualty or misfortune preventing the party from defending and diligence in making his motion.

Appeal from an order of the superior court for King county, Morris, J., entered March 19, 1908, striking out an answer and cross-complaint, on motion of plaintiff, in an action to quiet title. Affirmed.

*Blaine, Tucker & Hyland,* for appellant.

*Harold Preston* and *Raymond D. Ogden,* for respondent.

CROW, J.—This action was commenced by M. C. Warren against Harry Hershberg and others, defendants, to quiet the plaintiff's title to certain land in King county. The defendant Harry Hershberg, being a nonresident of the state, was served by publication of summons, and made default. On January 11, 1905, after a default had been regularly entered against him, a judgment and decree was entered in accordance with the prayer of the complaint, quieting the plaintiff's title.

[1]Reported in 100 Pac. 149.

More than two years thereafter, on September 27, 1907, the defendant Harry Hershberg appeared by his attorneys and filed a motion to vacate the decree, and also filed therewith his proposed answer and cross-complaint, by which he sought to vacate certain tax foreclosure proceedings and set aside certain tax deeds under which the plaintiff, through her grantors, claimed title. Thereupon plaintiff moved the court to strike the defendant's motion and proposed answer and cross-complaint. From an order granting the motion and striking the answer and cross-complaint, the defendant Harry Hershberg has appealed.

By his assignments of error, the appellant in substance contends that the trial court erred in granting respondent's motion to strike his proposed answer and cross-complaint, and in denying his motion to open the default and try the issues tendered by him. The record shows that the service by publication upon the appellant was regular and in all respects in strict compliance with the requirements of the statute; that default was properly entered; that final decree quieting the respondent's title was made and entered on January 11, 1905; that the appellant for a period of more than two years failed to move against or attack the same; that he has made no explanation of such delay; that he has shown no unavoidable casualty or misfortune preventing him from defending, and that the only substantial showing upon which he relies for a vacation of the judgment and permission to defend is contained in the allegations of his proposed answer and cross-complaint. In this pleading he alleged that the respondent only claimed title through her immediate grantors, under certain tax foreclosure proceedings and sales, which he alleges were void; the summons upon which they were based being defective and insufficient to confer jurisdiction upon the court. Appellant evidently seeks to obtain a vacation of the decree quieting respondent's title, and permission to try the issues tendered by his answer and cross-complaint, under the provisions of Bal. Code, § 5153 (P. C. § 1033); but it is

manifest that he can obtain no relief thereunder. The right to obtain a vacation of the decree in this action is statutory, and we fail to see that he has brought himself within any of the requirements of the section above mentioned. The substance of the allegations of his answer and cross-complaint, now urged in his brief as a sufficient reason for permitting him to appear and defend, is that the trial court erred in entering the decree. In *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182, this court said:

"The right to a vacation of judgments, while it existed at common law for certain specific reasons, viz., fraud and collusion, is in this state statutory; and, if appellant brings himself within the statute at all, it is within the provisions of subd. 3, of § 1, chapter 17, title 28, Bal. Code, which provides for the vacation of a judgment for mistakes, neglect or omission of the clerk or irregularity in obtaining the judgment or order. There is no mistake, neglect, or omission of the clerk alleged, but it is alleged that the judgment was irregularly obtained. But the irregularity provided for by the statute does not mean an irregularity such as is shown by the petition in this case, viz., that the court misconstrued the law. Irregularities which are generally invoked for the purpose of vacating a judgment, and which will justify a vacation of the judgment after term time, are where a judgment was entered in favor of the plaintiff before the time for answering had expired, or where the judgment was entered while there was an answer or demurrer on file and not yet disposed of, and other irregularities of this character."

Neither by his motion, nor his answer and cross-complaint, had the appellant explained or attempted to explain his delay of more than two years after entry of the decree before commencing proceedings to open, vacate and set aside the same. In *Kuhn v. Mason*, *supra*, this court laid down the rule as to diligence in commencing such proceedings, saying:

"Again, the petition does not show diligence. It is insisted by the appellant that he has met the requirements of the statute when he files his petition within a year, but such is not the voice of authority. The rule is thus announced in 15 Enc. Pl. & Pr., p. 268: 'Without regard to the provision of the

statutes as to the time within which an application to vacate or set aside a judgment shall be made, it may be laid down as a general rule, that, with certain exceptions—as in the case of void judgments—a party must institute such proceeding with due diligence, and his right to obtain relief against the judgment will be barred by unreasonable and unexplained laches in applying therefor'; and citing a great many cases."

The appellant has shown no diligence whatever. It is not the policy of the law to disturb judgments after the statutory period has elapsed within which they may be attacked, no good and sufficient excuse for such delay being shown.

The trial court committed no error in striking appellant's motion and proposed answer and cross-complaint. The judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, FULLERTON, GOSE, and CHADWICK, JJ., concur.