[No. 8168.   Department One.   January 8, 1910.]

## ETTA MAY NELSON, *Respondent*, v. GEORGE V. NELSON, *Appellant*.[1]

JUDGMENTS—VACATION—MOTION—TIME.    A motion to vacate a
judgment for alimony and division of property, because contrary to
the stipulation of the parties, is too late when not made within one
year after entry of the judgment, as required by Bal. Code, §§ 5155,
5156.

JUDGMENTS—VALIDITY—PLEADING—PRAYER FOR RELIEF—SCOPE.    A
decree is not void as going beyond the specific relief prayed for in
the complaint, where the complaint prayed for both specific and
general relief, and the decree was within the allegations and prayer
for general relief.

JUDGMENTS — VACATION — APPLICATION — DILIGENCE.    Under Bal.
Code, § 5154, requiring diligence in one seeking relief from an op-
pressive judgment, an application to vacate a judgment for alimony,
etc., is properly denied, where nothing was done for ten months after
notice of the judgment, the motion was not filed until within three
days of the expiration of the year allowed therefor, and there was
no excuse or explanation offered for the delay.

Appeal from orders of the superior court for Franklin
county, Zent, J., entered November 17, 1908, and January
2, 1909, denying motions to vacate a decree for alimony
etc., and to grant a rehearing.   Affirmed.

*Granville G. Ames*, for appellant.

*Herman Murray*, for respondent.

FULLERTON, J.—On October 24, 1907, in an action
brought in the superior court of Franklin county, the re-

[1]Reported in 106 Pac. 138; 107 Pac. 195.

spondent obtained a decree of divorce against the appellant, in which decree she was awarded a tract of land, situated in Franklin county, an attorney's fee of $75, and alimony at the rate of $20 per month, commencing with the month of December, 1907. On November 2, 1908, the appellant filed a motion, supported by affidavits, asking a modification of the decree in so far as it related to the real property, attorney's fee, and alimony, averring that the decree is these respects violated a stipulation of the parties settling their property rights entered into prior to the time the decree of divorce was granted. This motion, after a hearing had thereon, the court denied, entering its order to that effect on November 17, 1908. On January 2, 1909, the appellant moved for a rehearing of the motion filed November 2, 1908, supporting the last motion by the affidavit of his counsel to the effect that the trial court denied counsel the privilege of arguing the motion to the court or presenting to the court authorities in support thereof. This motion was also denied, and this appeal was taken on February 13, 1909, from the order refusing to modify the judgment, and the order refusing to grant a rehearing.

The respondent contends that the appellant is not entitled to have the motion to modify the judgment considered for the reason that it came too late, not having been filed within one year after the entry of the judgment. This contention we think is well taken. The statute relating to the vacation and modification of judgments provides that proceedings therefor, whether by petition or motion, except in certain specified cases, of which this is not one, shall be commenced within one year after the entry of the judgment. Bal. Code, §§ 5155, 5156. By referring to the dates above given it will be observed that more than a year elapsed between the entry of the decree of divorce and the filing of the motion to modify the same. We hold therefore that it came too late.

The appellant contends further, however, that the part

of the decree sought to be modified is void, and hence open to
attack by motion at any time; thus rendering it immaterial
whether the motion to modify came within the year or not.
The ground upon which this contention is based is that the
decree granted relief beyond that prayed for in the com-
plaint. But an inspection of that pleading does not support
this contention. The complaint, after setting forth the prop-
erty of the parties, prayed for both specific and for general
relief. The decree goes beyond the specific relief asked, but
is well within the allegations of the complaint and the prayer
for general relief. Whether the judgment is for that reason
voidable we need not determine, but we are clearly of the
opinion that it is not void.

The orders appealed from will stand affirmed.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., con-
cur.

## ON REHEARING.
[Decided February 25, 1910.]

PER CURIAM.—The appellant asks for a rehearing in the
above cause for the reason, as he asserts, that the court made
an error in assuming that more than a year had elapsed be-
tween the entry of the decree of divorce and the filing of the
motion, whereas the motion was filed three days before the
year expired, the decree of divorce having been in fact ren-
dered on November 5, 1907, instead of October 24, 1907, as
stated in the opinion filed. A re-examination of the record
convinces us that a mistake on our part may have been made
in this regard, but we think nevertheless that the orders ap-
pealed from should stand affirmed.

It appears from the record that the appellant had knowl-
edge of the contents of the judgment as early as January 16,
1908, having made an affidavit on that date apparently as
the basis upon which to ask some form of relief therefrom,
yet he did not actually move in that behalf until more than
ten months later; nor is there any excuse offered to explain
the delay. The statute (Bal. Code, § 5154) requires that an

applicant seeking relief from what he deems an oppressive judgment shall proceed with diligence, and such has been the uniform holdings of this court. The rule was announced as early as the case of *Bozzio v. Vaglio*, 10 Wash. 270, 38 Pac. 1042, and reaffirmed in the cases of *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182; *Fisher v. Puget Sound Brick etc. Co.*, 34 Wash. 578, 76 Pac. 107; *Warren v. Hershberg*, 52 Wash. 38, 100 Pac. 149, and *Kline v. Galland*, 53 Wash. 504, 102 Pac. 440. The case of *Kuhn v. Mason* was somewhat similar in its facts to the one at bar. There the applicant had delayed making his application to vacate the judgment until within three days of the time the year expired, and no excuse was shown for the delay. After referring to the case of *Bozzio v. Vaglio*, this language was used:

"And certainly, under the doctrine announced there [*Bozzio v. Vaglio*], we are not able to find that the court abused its discretion in this case in not granting the petition to vacate when the year of limitation was within three days of expiration, without any showing of diligence whatever, or any reason why the petition had not been made before. It is not the policy of the law to disturb judgments, after a long time had elapsed, without good reason being shown for such delay. In addition to this, it is not the intention of the law that the motion to vacate shall take the place of an appeal, and, under the provisions of this petition, if the court did not act in accordance with the law, its failure was purely error, which ought to have been appealed from."

On any view of the case, therefore, the orders appealed from must be sustained. The petition for rehearing is denied.