[No. 13294.   Department Two.   March 15, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Alfred H. Lundin, Prosecuting Attorney for King County, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Defendant.*[1]

JUDGMENT — MODIFICATION — MISTAKE — POWER OF COURT.   After pronouncing judgment sentencing a convicted person to the state penitentiary, the trial judge has no power to modify the same so as to sentence the accused to the state reformatory, which was his intention in the first place, Rem. & Bal. Code, § 464, authorizing modification of judgments for "mistake, neglect, or omission of the clerk, or irregularity" not applying in such a case.

Application filed in the supreme court January 18, 1916, for a writ of prohibition to prevent the superior court for King county, Smith, J., from modifying a judgment and sentence; and a counter motion for leave to apply below for the modification.   Writ granted, and motion denied.

*Alfred H. Lundin* and *Walter F. Meier,* for relator.

*Welch & Dore,* for defendant.

PARKER, J.—The relator, as prosecuting attorney for King county, seeks a writ of prohibition from this court commanding the superior court and Honorable Everett Smith, judge thereof, to refrain from vacating or modifying the

[1]Reported in 155 Pac. 1041.

judgment of that court sentencing Paul Schuman to the penitentiary.

In February, 1915, Paul Schuman was, by information filed in the superior court for King county, charged with a crime. His trial upon that charge resulted in a verdict of guilty. Thereafter motions for a new trial and in arrest of judgment being made in his behalf and by the court denied, on April 3, 1915, final judgment was rendered against him, which judgment, so far as we need here notice its language as appearing in the journal record thereof, reads as follows:

"Adjudged and decreed that the said defendant be punished by confinement at hard labor in the penitentiary of the state of Washington for the term of not less than six months nor more than five years."

On January 17, 1916, Honorable Everett Smith, the judge who presided at the trial and rendered the judgment and sentence against Schuman, informed the relator, as prosecuting attorney, that, unless prohibited by this court, he would modify the judgment and sentence so recorded, to the effect that Schuman be imprisoned in the state reformatory instead of the penitentiary. The judgment was appealed from by Schuman and affirmed by this court by our decision reported in *State v. Schuman*, 89 Wash. 9, 153 Pac. 1084, and the case was still pending in this court, in that the remittitur had not issued, when this application for a writ of prohibition was filed. At the same time that Judge Smith filed in this court his answer to the application of the prosecuting attorney for a writ of prohibition, counsel for Schuman also filed in this court an application for leave to file a motion in the superior court for a modification of the judgment and sentence as contemplated by Judge Smith. Arguments upon these two applications were heard together as one case.

The grounds upon which Judge Smith proposes to modify the judgment and sentence, and upon which counsel for Schuman rests his application, are sufficiently shown by the

statement of Judge Smith in his affidavit filed with his an-
swer to the prosecuting attorney's application and Schu-
man's application, as follows:

"Affiant further says that at the time of the imposition of
said sentence, it was his intention, and that it was his judg-
ment that the proper sentence and the only sentence that
should be imposed in said cause was a sentence of confine-
ment of the said Paul Schuman in the state reformatory at
Monroe, Washington, for a period of not less than six months
nor more than five years.

"That it was the intention of your affiant to pronounce
such sentence, and that from April 3, 1915, until after the
rendition of the opinion of this court in said cause on De-
cember 23, 1915, it was the belief of affiant at all times that
he had sentenced the said Paul Schuman to serve a term of
not less than six months nor more than five years in the state
reformatory at Monroe, Washington;

"That at the time of the imposition of said sentence, and
at no time since, and at this time it is not the belief or the
judgment of your affiant that it would be a just thing to
confine Paul Schuman in the state penitentiary, or in any
other place than the state reformatory at Monroe, Wash-
ington;

"Affiant further says that he is unable to state, of his own
knowledge, whether or not, in passing sentence upon said
Paul Schuman, he mistakenly used the words 'In the peniten-
tiary,' instead of the words 'In the state reformatory.' "

The affidavits of the prosecuting attorney and his deputy
who were present in court when Judge Smith pronounced the
judgment, and the affidavit of the deputy clerk of the su-
perior court of King county, who was present when Judge
Smith pronounced the judgment and who recorded the judg-
ment in the journal, render it certain that the record judg-
ment from which we have above quoted is in terms exactly
as it was pronounced by Judge Smith orally from the bench.

In their last analysis, this proposal of Judge Smith to
modify the judgment, and the application of counsel for
Schuman for leave to apply to the superior court for such
modification, constitute an effort to modify a final judgment

long after its rendition and proper entry by the clerk, upon the sole ground that the court intended to render a different judgment than that which it actually did render. That a trial court has no power to vacate or modify its final judgment after the announcement and the proper final entry thereof, in the absence of a showing of some statutory ground for such vacation or modification, has been determined by numerous decisions of this court. *Coyle v. Seattle Electric Co.*, 31 Wash. 181, 71 Pac. 733; *Warren v. Hershberg*, 52 Wash. 38, 100 Pac. 149; *State ex rel. McConihe v. Steiner*, 58 Wash. 578, 109 Pac. 57; *Okazaki v. Sussman*, 79 Wash. 622, 140 Pac. 904; *Paich v. Northern Pac. R. Co.*, 86 Wash. 379, 150 Pac. 814.

The only statute we have, authorizing the vacation or modification of judgments after their final entry, is found in Rem. & Bal. Code, § 464 *et seq.* (P. C. 81 § 1163). Among the eight enumerated statutory causes found in § 464 for vacation or modification of judgments, we do not find any authority whatever for the disturbing of a final judgment upon the ground here urged. Subdivision 3 of that section comes nearer furnishing such authority than any of the others, but that falls far short of furnishing such authority. It reads:

"For mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order;"

It seems quite plain to us that the word "mistake," as used in this statute, has no application to such mistake of the judge in pronouncing judgment as is here relied upon for modification of this judgment. The unexpressed intention of the judge, and his memory thereof, cannot be invoked to change the judgment which he orally pronounced, and which was duly recorded as orally pronounced, as in this case.

If, as a matter of fact, any injustice has been done to Schuman by this judgment of the superior court, it is now too late for remedy by the superior court. The executive

branch of the government is, of course, empowered to furnish such remedy as executive clemency may dictate.

We conclude that a writ prohibiting the superior court from modifying its judgment should issue as prayed for. It is so ordered. We also conclude that we cannot lawfully grant Schuman's application for leave to apply to the superior court for a modification of its judgment, and his application is therefore denied.

MORRIS, C. J., MOUNT, HOLCOMB, and BAUSMAN, JJ., concur.