[No. 14036. Department Two. August 24, 1917.]

CHARLES DAWSON *et al., Respondents,* v. THOMAS CARSTENS *et al., Appellants.*[1]

JUDGMENT—VACATION — PETITION — SUFFICIENCY. A petition for the vacation of a judgment on account of mistake is demurrable when it fails to set forth the judgment as required by Rem. Code, § 467, and does not show when it was entered or that the petition was filed within one year; and where, even if filed within one year, it fails to show when the mistake was discovered or that the petitioner proceeded with diligence within the year; in the absence of which it was not an abuse of discretion to deny relief.

JUDGMENT—ON MOTION — CONCLUSIVENESS — PETITION TO VACATE. Where a mistake in a judgment was cognizable by motion and appeal, and both were resorted to and failed of fruition, the matter is concluded, and a demurrer to a petition to vacate the judgment on account of the mistake is properly sustained as seeking relief from a matter once adjudicated.

Appeal from an order of the superior court for Pierce county, Easterday, J., entered October 21, 1916, denying the vacation of a judgment, upon sustaining a demurrer to the petition. Affirmed.

[1]Reported in 167 Pac. 86.

*Kerr & McCord, C. F. Wilt,* and *Frank H. Kelley,* for appellants.

*T. L. Stiles* and *Frank M. Carnahan,* for respondents.

Fullerton, J.—In an action to quiet title to a certain tract of land, brought by respondents, Charles Dawson and wife, against appellants, Thomas Carstens and wife, the decree of the court included a small tract which appellants claim was not involved in the controversy. This tract was used by appellants as a right of way from their land to the public highway; an easement thereover having formerly been granted to their predecessor in interest by one Vaeth, the record holder of the title. The appellants, claiming that this right of way parcel was erroneously included in the decree of the court quieting title in respondents, filed a motion to modify the judgment and, at the same time, a petition to vacate it. The respondents interposed a demurrer to the petition on the ground of insufficiency of facts. On the hearing, the court made an order denying the motion and sustaining the demurrer. This appeal is from that part of the order sustaining the demurrer to the petition.

The sole question here is the sufficiency of the petition. It is alleged therein that, when the cause in which the judgment was entered was called for trial on the merits, counsel, who had been in the case from the beginning, were unable to appear because of other professional engagements; that this fact was shown to the court and a continuance asked, which was refused, and other counsel had to be substituted, who did not have time to acquaint themselves sufficiently with the facts of the case; that the issues involved some six different parcels of land described by metes and bounds, which included an easement for a driveway owned by the defendants Carstens; that counsel who tried the case became confused by the description, owing to his unfamiliarity with the facts, and suffered the decree subsequently entered to include the driveway, which he had been assured, both by counsel for the

4—98 WASH.

other side and by the court, was not involved in the controversy. It was further alleged in the petition that a motion for a new trial was made in the cause, which the trial court overruled, and that an appeal from the decree was taken to this court, which was dismissed because not timely taken.

The ground upon which the trial court rested its decision does not appear in the record. It would seem, however, that it could be rested on any one of a number of grounds. In the first place, the petition does not set forth the judgment as required by § 467 of Remington's Code. It is partially set forth in substance, but it is not shown when the judgment sought to be vacated was entered, and nothing appears in this court to show that the proceeding was brought within the year limited by the statute. In the second place, if it be conceded that the record could be supplied in this respect and that it could be shown, as stated in the briefs, that the proceeding was instituted on the last day of the year, there is nothing in the petition to indicate that this would comply with the rule of diligence required in such cases. This court has repeatedly held that, notwithstanding the statute allows such proceedings to be instituted within a year after the entry of the judgment, the party seeking the vacation must nevertheless proceed with diligence within the year; and that the question of diligence is addressed to the discretion of the lower court and that this court will not disturb its conclusions unless it appears that its discretion has been abused. *Bozzio v. Vaglio,* 10 Wash. 270, 38 Pac. 1042; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182; *Nelson v. Nelson,* 56 Wash. 571, 106 Pac. 138, 107 Pac. 195. There is nothing in the petition which shows when the error claimed was discovered by the petitioner, nor is any reason set forth why the application was so long delayed. Clearly, without some such showing, this court cannot find that the trial court abused its discretion if it decided that the application was not made with the necessary diligence.

Again, the error complained of was properly cognizable

by motion under either § 303 or § 398 of Rem. Code,. or by an appeal from the judgment under the general statutes relating to appeals. Both of these remedies were resorted to and failed of fruition. As a judgment on a motion which determines the action or proceeding is final and conclusive upon all questions necessarily involved therein (*Tatum v. Geist,* 40 Wash. 575, 82 Pac. 902; *Pierce County v. Bunch,* 49 Wash. 599, 96 Pac. 164; *Flueck v. Pedigo,* 55 Wash. 646, 104 Pac. 1119; *Newell v. Young,* 59 Wash. 286, 109 Pac. 801), and as a petition to vacate a judgment cannot be prosecuted as a substitute for an appeal (*Kuhn v. Mason, supra*), the demurrer was properly sustained as seeking to relieve from a matter once adjudicated. Other reasons might be stated, but these are sufficient to show that the trial court did not err in its conclusions.

We have not overlooked the claim of the petitioners to the effect that the judgment is void on its face, and one concerning which the rules of time and diligence have no application; and that it is thus subject to be set aside by the court whenever the fact is called to its attention. But we cannot agree with counsel that the judgment is void on its face. From so much as appears in the petition, the judgment may have been voidable and subject to correction in a proper proceeding, but nothing is shown which indicates that it is not valid against a collateral attack.

The judgment is affirmed.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.