[No. 17663.  Department One.  May 10, 1923.]

JOSIAH COLLINS et al., *Respondents*, v. SEA PRODUCTS COMPANY et al., *Appellants*.[1]

JUDGMENT (121)—VACATION—LIMITATIONS.  A motion to dissolve and set aside a final judgment perpetually enjoining a nuisance cannot be entertained after the lapse of one year limited by statute therefor, the decree containing no reservation for further jurisdiction in the case.

SAME (123)—VACATION—LIMITATIONS—OBJECTIONS TO JURISDICTION—WAIVER.  In such a case, the fact that plaintiffs showed leniency in enforcing the decree from time to time, upon promise to obtain another location, does estop them from asserting the statute of limitations as a defense to the motion to vacate.

Appeal from an order of the superior court for Island county, Bell, J.; entered June 29, 1922, denying a motion to vacate a judgment, after a hearing before the court. Affirmed.

*John C. Richards*, for appellants.

*Hastings & Stedman*, for respondents.

MITCHELL, J.—Josiah Collins and wife and F. H. Brownell and wife are and were the owners of improved lands abutting on the waters of Cultus Bay, in

[1]Reported in 215 Pac. 15.

Island county. The Sea Products Company, a corporation, commenced operating a fertilizer and fish oil plant located on scows and in temporary structures in the bay near the lands. The landowners instituted an action against the fertilizer company, charging it with maintaining a nuisance specially damaging to their lands and habitation. After personal service of the summons and complaint, the superior court, upon the trial of the cause, entered a final judgment therein on April 20, 1920, perpetually enjoining the defendant from operating or maintaining its fertilizer factory in the waters of Cultus Bay or any of the tide waters within the vicinity of or near or adjacent to the waters, tide lands and beaches abutting upon or near the lands and premises of the plaintiffs.

More than two years after the entry of the judgment, the Sea Products Company, together with Dan Oaks and wife (all of whom were named as parties in the original summons and complaint), served on the plaintiffs and filed in the action their several motions for an order "dissolving and setting aside the order and judgment entered herein on the 20th day of April, 1920," for the reason, as stated in the motions, that the defendant had rebuilt its plant so as to greatly reduce the nuisances complained of, had ceased casting offal and debris into the bay, and greatly reduced the escaping of oils and greases into the waters of the bay. The motions were supported by affidavits. Upon appropriate objections by the property owners, the trial court entered an order denying the motions to modify or vacate the final judgment, and from that disposition of the case, the parties making the motions have appealed.

Without discussing or deciding the question as to whether or not a final decree can be modified or set

aside by a motion in the same cause for the reasons stated in these motions, we dispose of the case upon consideration of the time intervening between the date of the judgment and the filing of the motions, together with the law applicable to that procedure. The judgment sought to be modified or set aside was a final one and contained no provision or reservation for further jurisdiction, in that cause, to consider the subject-matter in controversy.

In the case of *Anderson v. Anderson,* 97 Wash. 202, 166 Pac. 60, we said:

"We understand the rule to be, and there is no exception to it as far as we are advised, that a court cannot, upon petition or motion and by subsequent order, amend or modify its decree unless the right so to do is reserved. A court has jurisdiction to vacate a decree and to enter another decree under certain conditions enumerated and within the time limit fixed by statute."

In cases similar to this in principle where the procedure by motion or petition in the same cause has been attempted, rather than by the commencement of another independent action by summons and complaint, we have uniformly held that the motion or petition must be served and filed within one year from the date of the judgment. *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721; *Davis v. Seavey,* 95 Wash. 57, 163 Pac. 35, 35 Ann. Cas. 1918D 314; *Bruhn v. Pasco Land Co.,* 67 Wash. 490, 121 Pac. 981; *Nelson v. Nelson,* 56 Wash. 571, 106 Pac. 138, 107 Pac. 195; *Greene v. Williams,* 13 Wash. 674, 43 Pac. 938.

On several occasions, for short periods of time each, commencing immediately after the final decree was entered, for valuable considerations paid, the respondents permitted the Sea Products Company to remain in its present location upon representations that it was about to conclude arrangements for a new location

away from the vicinity of the lands of the respondents, and also to temporarily quiet the risk of contempt proceedings against the company. But appellants failing to make such arrangements, instituted the present proceedings. That conduct and leniency on the part of the respondents, however, in no way impaired their rights to successfully maintain objections ·to the motions made by the appellants. It in no way changed the date of the final judgment. Besides, the limit of time fixed in the last one of those agreements was more than one year prior to the service or filing of the motions involved.

Affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and BRIDGES, JJ., concur.