[No. 11270. Department One. January 8, 1914.]

MARY E. MORGAN, *Respondent*, v. ANDREW WILLIAMS, *as Sheriff, Appellant*, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Defendant*.[1]

APPEAL—DECISION—REVERSAL—ERROR OF LAW. The reversal of a judgment against a sheriff for damages for a false return in a divorce case, on the ground that the plaintiff's evidence showed that she had mistaken her remedy, was for error of law, and not because the judgment was void.

JUDGMENT—VACATION—GROUNDS—ERROR OF LAW. A valid judgment cannot be vacated by the trial court for error of law, which can be reviewed only on appeal.

APPEAL—DECISION—PARTIES NOT APPEALING—BENEFIT OF REVERSAL. A sheriff, who failed to appeal from a judgment for damages for a false return, or to join in the appeal by his codefendant, the surety on his bond, cannot benefit from the reversal of the judgment on the surety's appeal, in view of Rem. & Bal. Code, § 1720, providing that parties not appealing or joining shall not derive any benefit from the appeal "unless from the necessity of the case;" the statute contemplating only an absolute necessity, in that no judgment would under any circumstances be valid as to one and not to the others.

[1]Reported in 137 Pac. 476.

Appeal from an order of the superior court for Whatcom county, Pemberton, J., entered February 20, 1913, refusing to vacate a judgment, after a hearing before the court. Affirmed.

*C. A. Swartz*, for appellant.

ELLIS, J.—This is an appeal from an order overruling a motion to vacate a judgment. The action was brought by Mary E. Morgan, as plaintiff, against Andrew Williams, as sheriff of Whatcom county, and the Fidelity and Deposit Company of Maryland, as surety on his official bond, to recover damages for an alleged false return of service upon Mary E. Morgan of a summons and complaint in an action for divorce brought by her former husband. The defendant Williams demurred generally to the complaint, and the demurrer was overruled. Separate answers were filed by the defendants, and, on issue joined, the jury returned a verdict against both defendants for the sum of $1,700. Judgment was entered thereon on the 24th day of March, 1911. The defendant Williams moved to set aside the verdict, and for a new trial. Both motions were overruled. The defendant Fidelity and Deposit Company of Maryland appealed to this court, but the defendant Williams neither appealed separately nor joined in the appeal of his codefendant. On that appeal, this court, in an opinion filed January 19, 1912, *Morgan v. Fidelity & Deposit Co.*, 66 Wash. 649, 120 Pac. 106, 38 L. R. A. (N. S.) 292, reversed the judgment against the Deposit Company, and remanded the cause with direction to enter a judgment in favor of that company.

The defendant Williams, on March 23, 1912, moved to vacate and set aside the judgment against him on the grounds: (1) that the judgment was irregularly obtained and without warrant of law; (2) that the judgment was obtained through fraud, misrepresentation and wrong of the plaintiff; (3) that the complaint did not state a cause of

action.   From the order of the trial court overruling this motion, the defendant Williams now appeals.

On the former appeal, we held that the demurrer of the Fidelity and Deposit Company of Maryland to the complaint, on the ground that it did not state a cause of action, aided by the evidence, which established an estoppel as against the plaintiff to question the validity of the decree of divorce, demonstrated that the plaintiff had mistaken her remedy; and that her proper remedy, under the allegations of her complaint, as aided by her own evidence, was to be found in an action against her former husband on his agreement to pay a greater amount than that fixed for the family allowance in the decree of divorce.

It is manifest, therefore, that the judgment against the surety company was reversed for error of law on the part of the trial court; that is, error in applying the law to the facts as pleaded and established.   The judgment was not held void, but was reversed for error of law.   It is this same error of law which is now urged as a ground for vacating the judgment as to the defendant Williams, appellant here. This is manifest from the fact that our decision on the appeal of the surety company is urged as the real ground for the vacation of the judgment as against this appellant, Williams.   The case thus falls squarely within the rule announced in *Dickson v. Matheson*, 12 Wash. 196, 40 Pac. 725, and *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182.   In the first of those cases, it is said:

"The final judgment pronounced upon a hearing upon the merits cannot be set aside by the petition under the statute for mere error into which the court may have fallen."

In *Kuhn v. Mason, supra*, it is said:

"The right to a vacation of judgments, while it existed at common law for certain specific reasons, viz., fraud and collusion, is in this state statutory; and, if appellant brings himself within the statute at all, it is within the provisions of subd. 3, of § 1, chapter 17, title 28, Bal. Code [Rem. &

Bal. Code, § 464, subdiv. 3], which provides for the vacation of a judgment for mistakes, neglect or omission of the clerk or irregularity in obtaining the judgment or order. There is no mistake, neglect, or omission of the clerk alleged, but it is alleged that the judgment was irregularly obtained. But the irregularity provided for by the statute does not mean an irregularity such as is shown by the petition in this case, viz., that the court misconstrued the law. Irregularities which are generally invoked for the purpose of vacating a judgment, and which will justify a vacation of the judgment after term time, are where a judgment was entered in favor of the plaintiff before the time for answering had expired, or where the judgment was entered while there was an answer or demurrer on file and not yet disposed of, and other irregularities of this character."

This same rule is reannounced, and the foregoing language from *Kuhn v. Mason* is quoted with approval, in *Warren v. Hershberg*, 52 Wash. 38, 100 Pac. 149. To hold that the trial court should have entertained this motion and vacated this judgment would be, in effect, to permit the trial court to entertain upon motion an appeal from its own judgment, review the law of the case and reverse itself for error of law. The statute under which the motion was made was never intended to have that effect.

"The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion." 1 Black, Judgments (2d ed.), § 329.

The appellant, Williams, having failed to appeal from a judgment neither void upon its face nor void in fact, but merely erroneous, has lost his right to have that judgment reversed or set aside, either in this court or in the trial court.

We are not impressed with the appellant's contention that he must "from the necessity of the case," profit by the successful appeal of his codefendant in which he did not join, under the provisions of Rem. & Bal. Code, § 1720 (P. C. 81 § 1191). That section provides, in effect, that any party who does not join in the appeal, nor prosecute an independent appeal, from a final judgment shall not derive any benefit from the appeal unless from the necessity of the case. The necessity of the case contemplated by that statute is an absolute necessity; that it to say, one arising from the inherent nature of the case in that no judgment rendered could, under any circumstances, be valid as to one of the parties and not as to the others. Obviously, this is not such a case. We find no error in the refusal of the trial court to vacate the judgment.

The order is affirmed.

CROW, C. J., MAIN, CHADWICK, and GOSE, JJ., concur.