[No. 31195. Department One. October 6, 1950.]

ANDREW STRMICH, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Walthew, Gershon, Yothers & Warner*, for appellant.

*The Attorney General* and *James J. Krinbring, Assistant,* for respondent.

[1]Reported in 222 P. (2d) 663.

PER CURIAM.—This is an action by a workman, injured in extrahazardous employment, for additional compensation based upon an alleged aggravation of disability. Hearings on this issue were held before the supervisor of industrial insurance and later before the joint board which found that there was no aggravation of the previous injury. On appeal to the superior court, the jury rendered a verdict in favor of the claimant. On July 25, 1949, the court denied a motion for a new trial but granted a motion for judgment notwithstanding the verdict of the jury and dismissed the action. It is from this judgment of dismissal that the claimant has appealed.

Examination of the record discloses that the notice of appeal was served on the attorney general on July 29, 1949. A copy of the notice of appeal, with proof of service thereof, was filed in the office of the clerk of the superior court August 5, 1949, which was seven days after service of the notice of appeal upon respondent.

Rule of Supreme Court 5 (3), 18 Wn. (2d) 4-a, incorporates by reference the provisions of Rem. Rev. Stat., § 1719 [P.P.C. § 5-11]. This statute, in so far as it relates to the filing of proof or admission of service of the notice of appeal by the party desiring to appeal, reads as follows:

". . . within five days after the service of such notice he shall file with the clerk of the superior court the original or a copy of such notice, with proof or the written admission of the service thereof, and thereupon the clerk shall enter such notice, with the proof or admission of service thereof, in the journal of the court. The giving or service of a notice of appeal as prescribed in this section shall effect the appeal, but the same shall become ineffectual if an appeal bond for costs and damages be not given . . ."

From the record in this case it conclusively appears that proof of service was not filed within the time required by statute and rule. We have held that the failure to file with the clerk of the superior court, within five days after service of the notice of appeal, proof or admission of service thereof renders the appeal ineffectual. *In re Yand's Estate,*

23 Wn. (2d) 831, 162 P. (2d) 434, and *Heroux v. Phare,* 35 Wn. (2d) 213, 210 P. (2d) 1021.

Under the rule adopted in these decisions the appeal in this case must be, and it is hereby, dismissed.