[No. 32092.   Department Two.   August 4, 1952.]

VICTOR R. MULKA et al., Appellants, v. ROSWELL P. KEYES et al., Respondents.[1]

[1]Reported in 246 P. (2d) 834.

*Forrest & Rowles,* for appellants.

*Eggerman, Rosling & Williams,* for respondents.

HAMLEY, J.—Howard C. Keyes, one of the respondents on this appeal, has moved that the appeal be dismissed as to him. His motion is based upon two grounds, the first being that there is no effective appeal bond now on file as to him.

During the course of the trial, Howard C. Keyes was dismissed as a party defendant by judgment of dismissal entered November 29, 1951. On December 27, 1951, appellants served their notice of appeal, and filed it on the following day. On January 5, 1952, appellants filed a cost bond on appeal. This bond ran to Howard C. Keyes, and recited that it was given to secure the costs on appeal from the judgment of November 29, 1951.

On November 29, 1951, the jury returned a verdict against the other defendant, Roswell P. Keyes. On January 10, 1952, the trial court granted this defendant's motion for a new trial, the order thereon being filed on January 14, 1952. On January 31, 1952, appellants filed a second notice of appeal. This purported to be a further notice of appeal from the judgment of dismissal as to Howard, and a notice of appeal from the order granting Roswell a new trial. On February 5, 1952, appellants filed a second cost bond on appeal purporting to run to both Howard and Roswell, but reciting that it is security for costs only as to the appeal from the order of January 14, 1952.

Thereafter, appellants, in their opening brief, moved for an order exonerating the first appeal bond on the ground

that the second bond afforded adequate security. Counsel for respondent Howard, upon receiving this brief, wrote to appellants' counsel advising them that "if you wish to forward order granting this motion I will approve it." Counsel for appellants therefore prepared such an order exonerating the first appeal bond, and it was approved as to form by counsel for Howard. This order was signed and filed by the acting chief justice on May 14, 1952. On May 29, 1952, respondent Howard filed the instant motion to dismiss the appeal as to him, on the ground that no effective appeal bond was on file as to him and that this court had therefore lost jurisdiction.

It is respondent's position that the second appeal bond is not effective as to Howard because not filed within ten days after the notice of appeal of December 27, 1951, and because, although filed within ten days after the second notice of appeal, that notice of appeal was not filed within thirty days after the entry of the judgment of November 29, 1951, dismissing Howard.

The requirement that an appeal bond be filed within ten days after the giving of notice of appeal, is jurisdictional. Rules on Appeal 22 and 32, 34A Wn. (2d) 25, 32, as amended. The first appeal bond, filed on January 5, 1952, met this requirement. That bond remained in force and effect until after the second bond had been filed and the order of exoneration had been thereafter entered.

When an appeal bond which has been timely filed is found to be defective, the appeal is not to be dismissed for that reason, but the appellant may file a new bond. Rule on Appeal 28, 34A Wn. (2d) 31. If this may be done in case the original appeal bond is defective, it certainly may be done when the original bond is not defective. Under the peculiar circumstances of this case, appellants were required to file a second appeal bond in connection with the appeal from the judgment against Roswell. It was entirely proper, and involved no prejudice to respondent Howard, to have the second bond run to both respondents and to then exonerate the first bond. The above-discussed ground of the motion to dismiss the appeal is therefore without merit.

■ While respondents do not seem to make a point of it, the second bond is defective with respect to the appeal from the judgment dismissing Howard. The reason for this is that the bond, though naming Howard, recites that it is security for costs only as to the appeal from the order of January 14, 1952, granting Roswell a new trial. A defect of this kind, however, can be remedied by filing a new bond making reference to both judgments. See *In re Sims' Estate,* 39 Wn. (2d) 288, 235 P. (2d) 204.

The second ground advanced by respondent Howard in support of his motion to dismiss the appeal is that appellants did not give effective notice of appeal from the judgment of November 29, 1951. It is respondent's contention that, in determining what constitutes notice of appeal within the meaning of Rule 32, *supra,* reference must be made to RCW 4.88.030 (Rem. Rev. Stat., § 1719); and that this statute requires, among other things, that the notice of appeal or copy thereof, *together with proof or the written admission of service thereof,* must be filed with the clerk of the superior court within five days after the service of the notice of appeal. The proof of service of the notice of appeal was filed on January 28, 1952, which was thirty-two days after the service and filing of the notice of appeal.

Had the written notice of appeal been addressed to the clerk of the superior court, and had it been filed within five days after entry of the judgment, appellants would not have been required to serve such notice upon respondents, and hence no proof of service would have been required. Rule on Appeal 33(4), 34A Wn. (2d) 34, as amended. But, since the written notice of appeal was addressed to respondent Howard and his counsel, and was not filed until twenty-nine days after entry of the judgment, appellants apparently followed the appeal procedure set out in Rule on Appeal 33(1), 34A Wn. (2d) 33. This procedure requires service of the notice on opposing counsel within thirty days after entry of the judgment.

Under the appeal procedure in effect before adoption of the new Rules on Appeal, the filing of proof of service of a notice of appeal within five days after making such service

was considered jurisdictional. *Strmich v. Department of Labor & Industries,* 37 Wn. (2d) 218, 222 P. (2d) 663. The applicable rule then in effect, Rule of the Supreme Court 5, 18 Wn. (2d) 4-a, did not contain a specific requirement to that effect. However, that rule did, by reference, incorporate Rem. Rev. Stat., § 1719 (now RCW 4.88.030), which contained such a provision.

■ Significantly, our present rules do not, as did our former rules, incorporate, by reference, the statute on which respondent relies. This indicates, in our view, that the present Rule 33 was intended to be self-sufficient as to the requirements relating to the service and filing of notices of appeal and proof of service thereof. This view accords with the general statement of intention contained in Rule on Appeal 1, 34A Wn. (2d) 15, which reads as follows:

"The mode provided by these rules for appealing cases to the supreme court, and for securing a review of the same therein, shall be exclusive and shall supersede all other methods heretofore provided. . . ."

■ Neither Rule 33 of the present Rules on Appeal nor any other of the Rules on Appeal, requires that proof of service of a notice of appeal be filed within any particular time, or at all.

The motion to dismiss the appeal is denied. Appellants have until ten days after the filing of the opinion in which to file a new appeal bond which includes reference to the judgment of November 29, 1951.

DONWORTH, HILL, FINLEY, and OLSON, JJ., concur.