[No. 32994. Department One. January 8, 1955.]

N. Mon Wai et al., *Respondents*, v. George F. Parks, *Appellant*, Jack T. Watkins, *Defendant*.[1]

G. E. Clark, for appellant.

Velikanje, Velikanje & Moore, for respondents.

Hamley, J.—This case is an aftermath of *Mon Wai v. Parks*, 43 Wn. (2d) 562, 262 P. (2d) 196. That opinion is included by reference herein. The instant action is an ap-

[1]Reported in 278 P. (2d) 676.

peal by George F. Parks from a denial of his motion, in the court below, for a writ of execution against N. Mon Wai.

It appears from the former action that Parks and Watkins had been the lessees of certain real estate owned by Mon Wai. Parks sold his interest to Watkins, whose subsequent failure to pay the rental for three months resulted in Mon Wai securing a judgment for it. The judgment was joint and several against Parks and Watkins, because they both had signed the lease previous to Parks' sale of the business to Watkins. The judgment provided, however, that, if Parks had to satisfy it, he could have a judgment over against Watkins.

Watkins alone appealed from the judgment. Mon Wai waited until the time for an appeal by Parks had elapsed, and then, during the pendency of Watkins' appeal, collected his judgment from Parks. He thereupon satisfied the judgment of record, and moved to dismiss Watkins' appeal as being moot. We denied the motion to dismiss, and later reversed the judgment as to Mon Wai because of a liquidated damages provision in the lease.

Parks had, in the meantime, recovered from Watkins according to the tenor of his judgment over. After the reversal of the Mon Wai judgment, Watkins moved for and secured from the trial court a writ of execution against Parks and Mon Wai for recovery of the money which he had paid Parks on his judgment over. Upon Watkins' recovery from Parks, the latter was again out the money with which he had satisfied Mon Wai's judgment. He thereupon moved the trial court for a writ of execution against Mon Wai to recover it. The trial court denied the motion for such a writ of execution, and this appeal followed.

Mon Wai concedes that he still has the money he received before his judgment was reversed. It is his position, however, that Parks cannot recover it, because he was not a party to the appeal which reversed it. He relies upon RCW 4.88.040 [cf. Rem. Rev. Stat., § 1720] which reads in part as follows:

"All parties whose interests are similarly affected by any judgment or order appealed from may join in the

notice of appeal whether it is given at the time when the judgment or order is rendered or made, or subsequently; and any such party who has not joined in the notice may at any time within ten days after the notice is given or served, serve an independent notice of like appeal, or join in the appeal already taken by filing with the clerk of the superior court a statement that he joins therein or in some part thereof, specifying in what part. *Any such party who does not so join shall not derive any benefit from the appeal unless from the necessity of the case*; nor can he independently appeal from any judgment or order already appealed from, more than ten days after service upon him of written notice of the former appeal, unless such former appeal is afterward dismissed. . . . " (Italics ours.)

■ The subject matter of the above-quoted portion of RCW 4.88.040, in so far as it relates to the right of parties to join in an appeal and the manner of doing so, is now covered by Rule on Appeal 33, 34A Wn. (2d) 33, as amended, effective January 2, 1951. In this respect, as well as in respect to the service and filing of notices of appeal and proof of service thereof, Rule 33 is intended to be self-sufficient, and the statute has, in effect, been abrogated. See *Mulka v. Keyes,* 40 Wn. (2d) 919, 923, 246 P. (2d) 834.

However, the subject matter of the italicized words in the above-quoted portion of RCW 4.88.040 is not covered by Rule 33. Whether this omission is due to an oversight or because the italicized words were thought to deal with substantive rather than procedural law, is not known. There is nothing to indicate an intention to abrogate this particular portion of the statute. We accordingly regard the italicized portion of this statute as still in effect.

In *Morgan v. Williams,* 77 Wash. 343, 137 Pac. 476, we said:

"The necessity of the case contemplated by that statute is an absolute necessity; that is to say, one arising from the inherent nature of the case in that *no judgment rendered could, under any circumstances, be valid as to one of the parties and not as to the others.*" (p. 347) (Italics ours.)

■ The italicized words state the test to be applied. See, also, *In re LeFevre,* 9 Wn. (2d) 145, 113 P. (2d) 1014, which indicates that a nonappealing party may benefit from

the "necessity of the case" provision although the judgment against him is not void but only erroneous. It was there held that a guardian who had failed to appeal from a judgment against her could benefit from an appeal taken by the bonding company.

Mon Wai, as lessor, sued Parks and Watkins, as lessees, whose names were both affixed to the lease. Parks and Watkins answered separately. Mon Wai asserted no greater or additional right to recover against either of the defendants than he did against the other. Neither defendant asserted any defense which, if upheld, would not have been a defense as to both defendants. In view of these facts, no judgment could, under any circumstances, have been valid as to one of the defendants and not as to the other. Accordingly, the trial court, having found that Mon Wai was entitled to recover, entered judgment against both defendants.

It is therefore seen that the judgment entered meets the test suggested in *Morgan v. Williams, supra,* and that Parks is entitled to the benefit of Watkins' appeal by reason of the necessity of the case.

The order appealed from is reversed.

MALLERY, WEAVER, and OLSON, JJ., concur.

GRADY, C. J., (dissenting)—I think the judgment should be affirmed. Parks did not become entitled to the benefit of Watkins' successful appeal, because he does not come within the exception to the rule promulgated by RCW 4.88.040. The rule is that a party who does not join in an appeal taken by a codefendant cannot derive any benefit from such appeal. The exception is that such party may derive a benefit from the appeal if the necessity of the case so requires.

We said in *Morgan v. Williams,* 77 Wash. 343, 137 Pac. 476, that the necessity of the case contemplated by the statute was an absolute necessity, that is, one arising from the inherent nature of the case. This latter thought contemplates a consideration of the nature and character of the judgment and the relationship existing between the defendants.

We pointed out in the case of *In re LeFevre,* 9 Wn. (2d) 145, 113 P. (2d) 1014, that, where the relationship between the defendants was that of principal and surety on a guardian's bond, it would be a judicial anomaly to say that there could exist a judgment against the guardian and not against the surety. In such a situation, the guardian from the necessity of the case should benefit by the successful appeal of the surety. In that case, reference was made to the *Morgan* case, which contains some expressions seemingly inconsistent with the application of the exception to the rule where there was the relationship of principal and surety.

A fundamental difference between the two cases arises out of the procedure adopted in an effort to gain the benefit of the exception to the rule. In the *Morgan* case, the non-appealing defendant sought to vacate the judgment after his codefendant had made a successful appeal. The only question before the court was whether the court had the right to vacate the judgment against the nonappealing defendant, and it was decided that such right did not exist. In support of the motion to vacate, the moving party claimed the benefit of the exception to the rule. The court defined the meaning of the words "necessity of the case" and followed this by the use of some language which would have been incorrect had the moving party chosen a proper remedy to relieve himself of the effect of the judgment against him. Perhaps it may be better said that the court reached a correct conclusion but based it upon an untenable ground. In the *LeFevre* case, the court was able to correct the seeming error because the nonappealing defendant was able to invoke the benefit of the exception to the rule.

However, the two cases, when read and considered together, can be of no aid to Parks because of the difference in relationship between the respective defendants in those cases and between Watkins and Parks. The exception to the rule can apply where the codefendants are principal and surety, but when the relationship between the codefendants is that of co-obligors on a covenent to pay rent, the rule applies and not the exception. No judicial anomaly

is created by saying that there may exist a judgment against one lessee and not against the other because of a successful appeal by one of them when the original judgment against each of them was not invalid but merely erroneous. If we adopt the view that the exception to the rule applies to Parks, we do away with the rule entirely and make the exception the rule.

Perhaps the situation may be clarified by reference to a commonly used figure of speech. When the surety appealed in the *LeFevre* case it was "carrying the ball" for the guardian, and naturally the guardian would get the benefit of the appeal by the surety on his bond; however, when Watkins appealed, he was acting solely for his own benefit and was not in any sense "carrying the ball" for Parks. Parks has nothing upon which to base a writ of execution against Mon Wai.

---

March 9, 1955. Petition for rehearing denied.