IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| JC AVIATION INVESTMENTS, LLC, a Washington limited liability company, | ) ) ) | No. 82337-0-I |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| HYTECH POWER, LLC, a Washington limited liability company, | ) ) ) ) | UNPUBLISHED OPINION |
| Defendant, | ) ) | |
| HTP, INC., a Washington corporation, | ) ) ) | |
| Appellant. | ) | |

BOWMAN, J. — HTP Inc. timely appealed the trial court's order holding it and its principal, Henry Dean, in contempt. Dean moved to amend HTP's notice of appeal to add him as a party. Because Dean failed to show he is a necessary party to the appeal, we deny his motion to amend. And because HTP assigned no error and made no argument in support of its appeal, we affirm the trial court's order holding HTP in contempt.

FACTS

HyTech Power LLC (HyTech) is a Washington limited liability company that develops internal combustion assistance (ICA) technology to enhance diesel engine performance. JC Aviation Investments LLC (JCAI) is the majority member of the company and HTP holds a minority member position. Dean is the executive chair of HTP's board.

Citations and pin cites are based on the Westlaw online version of the cited material.

In May 2020, HyTech sought a preliminary injunction against HTP, Dean, and other HTP agents for conducting ICA testing despite the board suspending all HyTech business operations. On June 16, 2020, the trial court granted the preliminary injunction, enjoining both HTP and Dean[1] from "conducting HyTech's business operations or using any of [HyTech]'s products, assets, contact lists, and any other proprietary information in any way."

In October 2020, HyTech moved the trial court to enforce the preliminary injunction. HyTech explained that the enjoined parties continued to pursue ICA related testing in violation of the injunction. On November 3, 2020, the trial court granted HyTech's motion. It ordered HTP and Dean to produce "all documents in their control or possession that relate to or refer to any testing, occurring on or after June 16, 2020, connected with the ICA Technology or the potential use or sale of ICA Technology." It also required HTP to state in writing whether it possessed any of HyTech's property.

One month later in December 2020, JCAI moved the trial court for an order holding HTP and Dean in contempt for violating the preliminary injunction. JCAI asserted that the enjoined parties knowingly violated the preliminary injunction by continuing to conduct testing after the June 2020 injunction. On December 31, 2020, the court granted the motion. The court issued an order finding that the enjoined parties "participated in a coordinated, persistent, and well-funded effort to appropriate, replicate, test, and sell to third parties HyTech's

---

[1] The preliminary injunction and subsequent enforcement actions involve not only HTP and Dean but also Evan Johnson, Bernard Van Maren, and Van Maren's company Acamar Investments. Because this appeal involves only HTP and Dean, we refer to only them.

[ICA] technology in knowing and willful violation of the Preliminary Injunction."

HTP timely appealed the contempt order. But in June 2021, the court appointed a general receiver to manage HyTech's assets.[2] The receiver instructed HTP's attorney not to pursue the appeal. As a result, HTP did not file an opening brief.[3]

Dean did not file a notice of appeal. On July 27, 2021, Dean moved this court to amend HTP's notice of appeal to include him as an appellant.[4] HyTech opposed the motion. A commissioner referred Dean's motion to this panel for consideration.

## ANALYSIS

Motion To Amend

Citing no authority, Dean argues that we should amend HTP's notice of appeal to "designate him as an individual appellant, along with [HTP], now that

---

[2] HTP suggests the order appointing a receiver and its subsequent petition for bankruptcy operate to stay its appeal to this court. Under RCW 7.60.110(1)(a), certain actions against a person over whose property the receiver is appointed are automatically stayed. Even assuming that provision applies to HTP's appeal, the stay "automatically expires as to the acts specified in subsection (1)(a)" 60 days after the entry of the order of appointment unless "before the expiration of the [60]-day period the receiver, for good cause shown, obtains an order of the court extending the stay." RCW 7.60.110(2). Here, the court issued its order appointing a receiver on June 4, 2021. The record shows no order extending the stay. Any stay associated with the order appointing a receiver expired August 3, 2021.

HTP petitioned for bankruptcy on August 24, 2021. Generally, the filing of a bankruptcy petition operates as a stay of judicial, administrative, or other actions against the debtor. 11 U.S.C. § 362(a)(1). But a state court has authority to decide whether the automatic stay applies to its proceedings. Lockyer v. Mirant Corp., 398 F.3d 1098, 1106 (9th Cir. 2005). And HTP fails to explain how its appeal from a contempt order qualifies as a judicial, administrative, or other action against it for purposes of the automatic stay. HTP has not established that the bankruptcy proceedings stay resolution of its appeal.

[3] On October 14, 2021, HTP moved to "continue consideration by appellate panel" because it filed for bankruptcy protection and applied for the appointment of special counsel. According to HTP, if the bankruptcy court appoints special counsel, that lawyer may choose to pursue its appeal. We deny HTP's motion to continue.

[4] Dean also filed his own appellate brief "in order to preserve his rights."

HTP is in receivership."

A party must file a timely notice of appeal to be entitled to relief. Genie Indus., Inc. v. Mkt. Transp., Ltd., 138 Wn. App. 694, 707, 158 P.3d 1217 (2007). Under RAP 5.3(i), when there are multiple parties on a side of a case and fewer than all the parties on that side timely file a notice of appeal, "the appellate court will grant relief only (1) to a party who has timely filed a notice, (2) to a party who has been joined as provided in this section or (3) to a party if demanded by the necessities of the case."

Joinder under the "necessities of the case" is appropriate only in "narrow and unusual circumstances." RAP 5.3(i)(3); Genie, 138 Wn. App. at 708. The "necessities of the case" means " 'an absolute necessity; that is to say, one arising from the inherent nature of the case in that no judgment rendered could, under any circumstances, be valid as to one of the parties and not as to the others.' " In re Parentage & Support of M.K.M.R., 148 Wn. App. 383, 388-89, 199 P.3d 1038 (2009)[5] (quoting Mon Wai v. Parks, 46 Wn.2d 138, 140, 278 P.2d 676 (1955)). Such cases are rare. M.K.M.R., 148 Wn. App. at 389.

Dean does not explain why he is a necessary party to HTP's appeal. An order that applies to multiple parties does not necessarily create a joint right or obligation between them. See Genie, 138 Wn. App. at 714-15. Because Dean fails to show why the order holding HTP and Dean in contempt necessarily creates a joint right or obligation between them, we deny his motion to amend

---

[5] Internal quotation marks omitted.

4

HTP's notice of appeal.[6]

HTP's Appeal

HTP filed a timely notice of appeal but did not file an opening brief.  An appellant must support their notice of appeal with a "concise statement of each error a party contends was made by the trial court" and argument in support of the issues presented for review.  See RAP 10.3(a)(4), (6).  We seldom " 'address issues that a party neither raises appropriately nor discusses meaningfully with citations to authority.' "  CalPortland Co. v. LevelOne Concrete LLC, 180 Wn. App. 379, 392, 321 P.3d 1261 (2014) (quoting Saviano v. Westport Amusements, Inc., 144 Wn. App. 72, 84, 180 P.3d 874 (2008)); see also RAP 10.3(g) (the appellate court will only review a claimed error included in an assignment of error or clearly disclosed in the associated issue).  Because HTP assigns no error and makes no argument, we affirm the trial court's order holding HTP in contempt.

_____

Brennan, J

WE CONCUR:

_____                    _____

---

[6] On November 2, 2021, HTP moved "for joinder of HTP, Inc. in Henry Dean's brief" on appeal.  Because we deny Dean's motion to amend HTP's notice of appeal to designate him as an individual appellant, we do not consider his appellate brief, and HTP's motion to join his brief is moot.