OKANOGAN-DOUGLAS INTER-COUNTY BRIDGE COMPANY, *Respondent*, v. McPHERSON BROTHERS COMPANY, *Appellant.*[1]

*W. C. Gresham* and *Peter McPherson,* for appellant.
*O. R. Hopewell* and *Hartman & Hartman,* for respondent.

PARKER, J.—This is an appeal by McPherson Brothers Company from an order of the superior court for Douglas county, denying its petition to modify the verdict and judgment awarding it compensation in an eminent domain proceeding in that court for the appropriation of its property rights in certain lands by the Okanogan-Douglas Inter-County Bridge Company for right of way approach to its Columbia river bridge.

Prior to September 10, 1927, respondent bridge company duly commenced against appellant, McPherson Brothers Company, an eminent domain proceeding in the superior court for Douglas county, and was therein awarded an adjudication of its right to acquire, by eminent domain proceedings, a right of way for the

[1]Reported in 277 Pac. 380.

southern approach to its Columbia river bridge over lands owned and claimed to be owned by appellant. On that day, the matter of determination of the compensation to be paid by respondent to appellant for the taking and appropriating of the right of way, came on regularly for trial before the court sitting with a jury. Following the introduction of evidence in behalf of the respective parties, the jury returned a verdict reading, in so far as need be here noticed, as follows:

"We, the jury, duly sworn in the above entitled cause to determine the compensation due the respondent, McPherson Brothers Company, for the property condemned, to wit:

"A right of way across the lands owned by McPherson Brothers Company in Douglas county, Washington, in Lot 5 of Section 23, Township 30 North, Range 24, E. W. M., being 100 feet on the easterly side and 100 feet on the westerly side of a center line described as follows: [Here follows description of the center line of right of way over Lot 5 owned by appellant] *as well as all interest, right, claim, possession or demand, if any there be, in favor of said McPherson Brothers Company in the shore lands lying to the north of said described property and within said county of Douglas;* do hereby find and determine the value of the property taken and the damage to the remainder is the sum of $8,000."

We have italicized the language of the verdict to be presently particularly noticed. On December 6, 1927, judgment was rendered in accordance with this verdict, describing the lands and rights for which the award was made, as described by the above quoted language of the verdict. Soon thereafter, respondent deposited with the clerk of the court, for the benefit of appellant, $8,000 in payment of the judgment, and on December 28, 1927, appellant received the $8,000 from the clerk, and filed with the clerk written acknowledgment of receipt thereof and satisfaction of the

judgment. On February 24, 1928, appellant filed in the eminent domain proceedings in the superior court its petition seeking modification of the verdict and judgment by striking therefrom the above quoted italicized portions thereof. A hearing upon this petition resulted in the superior court denying the relief prayed for therein. It is from this order that this appeal is prosecuted.

The relief sought by appellant is rested upon the theory that the above quoted italicized language of the verdict and judgment was improperly, and without warrant, embodied therein; it being claimed by appellant, in that behalf, that, upon the trial of the question of compensation to be awarded appellant, the court's excluding evidence, offered in its behalf in support of its claimed ownership and interest in the shore lands, had the effect of excluding from the consideration of the jury the question of compensation to appellant for any interest it had in the shore lands; thus leaving such interest of appellant wholly unaffected by the verdict and judgment. We do not have in the record brought here respondent's petition seeking acquisition of the right of way, or the court's adjudication of public use and necessity in the eminent domain proceeding; but the record brought here does warrant the conclusion that the descriptions of the lands and rights of appellant, in the petition and in the adjudication, each described such lands and rights in the same language as in the above quoted language of the verdict and judgment awarding compensation to be paid by respondent to appellant. However that may be, enough here appears to show that appellant was personally subject to the jurisdiction of the court at all stages of the eminent domain proceeding, and actually appeared generally and participated therein.

So, if appellant's offers of proof were, by the

trial court, unduly restricted upon the trial, touching the question of what lands and rights of appellant were to be compensated for, the trial court did nothing more to the prejudice of appellant than to commit error, the correction of which must be sought, if at all, by appeal from the judgment rendered in pursuance of the verdict. This court has, many times, held that mere error (and this was in no event anything more) cannot be corrected otherwise than by appeal from the final judgment rendered following the commission of such error. The judgment of award was not appealed from. That judgment is, therefore, final, not only as to the amount of the award, but also as to compensation for the lands and rights of appellant therein described. *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182; *Snohomish Land Co. v. Blood,* 40 Wash. 626, 82 Pac. 933; *Warren v. Hershberg,* 52 Wash. 38, 100 Pac. 149; *Morgan v. Williams,* 77 Wash. 343, 137 Pac. 476; *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734; *Spalsbury v. Wycoff,* 123 Wash. 691, 213 Pac. 476.

The order is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and MILLARD, JJ., concur.