[No. 30115. Department Two. August 7, 1947.]

MARY M. KERN, *Appellant*, v. IRWIN OSCAR KERN, *Defendant*, WENDELL W. DUNCAN, as *Guardian ad Litem for Edwin Oscar Kern et al., Minors, Respondent.*[1]

*Harry H. Johnston*, for appellant.

*Wendell W. Duncan*, guardian ad litem, pro se.

MALLERY, C. J.—In this case, a modified interlocutory decree of divorce was entered October 21, 1943. It provided among other things that title to the dwelling belonging to the parties should be vested in the minor children of the parties as tenants in common, with the right of the appellant, Mary M. Kern, to occupy it so long as she maintained it as a home for them. She caused the final decree to be entered.

On June 10, 1946, appellant petitioned the court to set aside its decree in so far as it vested title to the property in the children. A guardian *ad litem* was appointed to represent them. He interposed a demurrer to the petition. A hearing was had, and the court sustained the demurrer and dismissed the petition. From this ruling, she has appealed.

[1] Reported in 183 P. (2d) 811.

Appellant contends that that part of the decree which vested title to the property in the children of the parties was void because the court had no jurisdiction to enter it. This is placed upon the ground that the powers of the court are derived from the statute which does not grant such a power. We quote her contention:

"We concede that the court could have placed a lien upon the property to secure the payment of this support money and its action would have been legal, but no language can be found in the statute authorizing him to vest the title to this real property in the minor children."

Rem. Rev. Stat., § 989 [P.P.C. § 23-23], provides as follows:

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the conditions in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provision for the guardianship, custody, and support and education of the *minor* children of such marriage." (Italics ours.)

Of course, the title to the property given to the minor children will continue in them after they reach their majority. Adult children have no inchoate rights in the property of living parents. Nor can it be said when that time comes that the property is used by the *minor* children of the parties. But we are not called upon to decide that this was an error of law, however plausible appellant's contentions may be, for two reasons:

■ First. Rem. Rev. Stat. (Sup.), § 988 [P.P.C. § 23-15], provides in part as follows:

"If . . . the court determines that either party, or both, is entitled to a divorce an interlocutory order must be entered accordingly, . . . which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, which order . . . as to the custody, management and division of property shall be final and conclusive upon the parties *subject only to the right of appeal;* . . ." (Italics ours.)

An appeal was not taken from the decree in the case at bar. The matter comes here on an appeal from an order dismissing a petition to vacate brought in 1946.

■ Second. "The power to vacate judgments, on motion, is confined to cases in which the ground alleged is something extraneous to the action of the court or goes only to the question of the regularity of its proceedings. It is not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari according to the case, but it is no ground for setting aside the judgment on motion." 1 Black on Judgments (2d ed.) 506, § 329.

This court adheres to that rule. See *In re Jones' Estate*, 116 Wash. 424, 199 Pac. 734; *In re Downings' Estates*, 146 Wash. 154, 262 Pac. 235; *Okanogan-Douglas Inter-County Bridge Co. v. McPherson Bros. Co.*, 152 Wash. 58, 277 Pac. 380; *Goodwin v. American Surety Co.*, 190 Wash. 457, 68 P. (2d) 619; *Pacific Tel. & Tel. Co. v. Henneford*, 199 Wash. 462, 92 P. (2d) 214; *In re Ellern*, 23 Wn. (2d) 219, 160 P. (2d) 639.

The order is affirmed.

STEINERT, ROBINSON, JEFFERS, and HILL, JJ., concur.