IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SUSAN CHEN, as parents and natural guardians of J.L., a minor, and L.L., a minor, and NAIXIANG LIAN, as parents and natural guardians of J.L., a minor, and L.L., a minor,<br><br>　　　Respondents/Cross-Appellants.<br><br>　　　　　　　v.<br><br>DARREN MIGITA, M.D.; IAN KODISH, M.D.; JAMES METZ, M.D.; SEATTLE CHILDREN'S HOSPITAL; REDMOND CITY POLICE DEPARTMENT DETECTIVE NATALIE D'AMICO; THE CITY OF REDMOND; and STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>　　　Appellants/Cross-Respondents. | No. 79685-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, J. — CR 60(b)(1) authorizes a trial court to vacate a judgment based on an "irregularity," which may occur upon a failure to adhere to a "prescribed rule" or "mode of proceeding." However, a motion to vacate under CR 60(b) is not a substitute for a direct appeal. In this case, the superior court perceived a legal error as to an aspect of a prior order granting summary judgment and partially vacated that order in an attempt to correct the error. This was an abuse of discretion. For these reasons, we reverse and remand for reinstatement

of the order granting summary judgment dismissing the claims against the defendant physicians. We otherwise affirm.

FACTS

Susan Chen and Naixiang Lian are the parents of two minor children, J.L. and L.L.[1] J.L. came to the attention of the Suspected Child Abuse and Neglect (SCAN) team at Seattle Children's Hospital (SCH) in October 2013, when he was three years old. Several physicians referred him to the hospital based on a constellation of concerning symptoms, including low weight, abdominal distention, and lethargy. After repeated urging, Chen brought J.L. to SCH's emergency department on October 20, 2013. The physician who examined J.L. described his "gaunt" appearance and "protuberant belly" as well as his "complex past medical history and an undetermined reason for his failure to thrive." Due to J.L.'s presentation and abnormal lab results, the physician recommended a coordinated workup to include endocrinology, gastroenterology, and nephrology. However, the parents insisted on taking J.L. home and the physician concluded that he "[did] not meet the eminent risk criteria for [a] medical hold." The doctor discharged J.L. with his parents' agreement to follow up with J.L.'s primary care physician the following day.

Three days later, on October 23 2013, Chen took J.L. to his primary care physician who made a report to Child Protective Services (CPS), due to her longstanding concern about J.L.'s symptoms and Chen's resistance to medical

---

[1] Chen's motion to use initials to refer to the minor children is granted.

advice.[2]  After some negotiation with a CPS social worker, Chen returned with J.L. to SCH on October 24, 1013.  The emergency room physician observed signs of "gross malnutrition" and noted that J.L. had been placed in State custody due to his critical symptoms and Chen's opposition to medical evaluation.  The doctor admitted J.L. to the hospital for further evaluation and monitoring by the SCAN team.

Drs. Darren Migita and James Metz were a part of SCH's "Child Protection Team" that evaluated J.L. for possible child abuse and neglect on October 27, 2013.  Dr. Metz reported that J.L. was "severely malnourished" and concluded that his significantly distended abdomen could be related to his malnourishment.  Dr. Metz noted that Chen's behavior appeared to be "erratic" and that, while she sought care for J.L. from numerous physicians, she did not appear to follow through with recommendations. Regardless of her intentions, Dr. Metz concluded there was likely an "element of neglect given [J.L.'s] current nutritional status."  Dr. Migita requested a psychiatric consult to evaluate J.L.'s exposure to trauma and the presence of trauma-related disorders.  Dr. Ian Kodish conducted an evaluation and observed that J.L. had a "severe speech delay" and exhibited features of "reactive attachment disorder, which may stem from a failure of strong nurturing attachment formed with [L.J.'s] primary caregiver."  He concluded that other disorders, including Autism Spectrum disorder, could not be definitively ruled out.

---

[2] J.L.'s primary care physician is not a party to this lawsuit. The trial court dismissed Chen's claims against that physician and this court recently upheld the dismissal in an unpublished decision. See Chen v. Halamay, No. 76929-4, slip op. (Wash. Ct. App. Feb. 10, 2020) (unpublished) http://www.courts.wa.gov/opinions/pdf/769294.pdf.

Following his discharge from the hospital, the State placed both J.L. and L.L. in foster care. L.L. was returned to his parents' care after a few days, but the State initiated a dependency proceeding as to J.L. and he remained in foster care for almost a year, until the dependency was dismissed in September 2014.

In October 2016, representing themselves pro se, Chen and Lian (collectively, Chen) sued Drs. Metz, Migita, and Kodish, and SCH.[3] Chen filed three separate complaints under the same cause number. Two of the complaints were unsigned. The complaints also identified J.L. and L.L. as plaintiffs. Chen alleged that (1) the physicians misdiagnosed J.L.; (2) the medical treatment they provided to him fell below the standard of care; (3) the physicians reported inaccurate information to CPS; and (4) failed in their duties as expert witnesses, which resulted in J.L. being removed from his home and caused harm to the family. Chen claimed that the SCH was vicariously liable because the physicians were acting within the scope of their "employment and agency." In fact, none of the defendant physicians were employed by SCH.

On December 8, 2016, Chen filed a single summons directed at all three physicians and SCH. On December 13, 2016, she served SCH with a copy of the summons and complaint. Chen did not, however, personally serve any of the physicians and none of the physicians authorized SCH to accept service on their behalf.

---

[3] In addition to the individual physicians and SCH, Chen's lawsuit included additional defendants, including the City of Redmond, the State of Washington, and the Department of Social and Health Services.

The three physicians jointly moved for summary judgment in February 2017.[4] They sought dismissal of Chen's claims based on (1) failure to effect service on the physicians, resulting in a lack of jurisdiction; (2) failure to file within the statute of limitations as to Drs. Metz and Kodish, because the complaint filed against them was unsigned and therefore void; (3) failure of proof under RCW 7.70.040 because the plaintiffs had not retained a qualified expert who expressed the opinion that the physicians' conduct fell below the standard of care; and (4) statutory immunity under RCW 26.44.060 based on the physicians' good faith reports of alleged child abuse or neglect. The physicians requested dismissal "with prejudice."

SCH separately joined in the motion, and adopted the physicians' arguments. Because the only claim against it was premised on vicarious liability for the alleged negligent acts of the physicians, SCH argued that the claims against it should be dismissed with prejudice for the same reasons that the claims against the physicians should be dismissed.

Chen did not file an answer to the defendants' motions. Instead, she sought a continuance, stating that she "hope[d] to look for an attorney."

The parties appeared before King County Superior Court Judge Hollis Hill on March 3, 2017, for argument on the motions. Chen appeared with the assistance of an interpreter. She again requested a continuance, but also responded to the defendants' claims regarding the failure to effect service and the

---

[4] The signature page of the motion for summary judgment is dated February 2, 2016, but the attached certificate of service for the motion is dated February 2, 2017. The 2016 date appears to be a scrivener's error.

5

statute of limitations, and maintained that she would be able to marshal evidence to support the claims regarding misdiagnosis and negligent treatment.

The court denied the request for a continuance under CR 56(f) because it did not appear that evidence existed that could justify Chen's opposition to the motion, especially as to claims involving "pure issues of law," such as ineffective service of process, the statute of limitations, and statutory immunity for reports to CPS. The court entered an order granting the physicians' motion for summary judgment, denying the motion to continue, and dismissing the claims against SCH. The court's order stated that the physicians' motion was "GRANTED" and that the "claims against Seattle Children's Hospital are dismissed."

Chen sought reconsideration. Her motion was limited to the issue of "prejudice regarding re-filing of the minor Plaintiffs' claims at some future date." She asked the court to clarify that, as to the claims asserted by the minor plaintiffs, the claims against the physicians were dismissed without prejudice. Chen also argued that reconsideration was warranted because the court failed to appoint a Guardian Ad Litem (GAL) to represent J.L. and L.L.

The physicians opposed reconsideration, arguing there was no need to clarify the summary judgment order because the court granted their motion, thereby indicating that dismissal was warranted on all bases. SCH likewise argued that the order unambiguously dismissed all claims with prejudice, even though the order was silent. The court denied reconsideration. Chen filed a notice of appeal.[5]

---

[5] Because the claims against other named defendants were still pending, this court initially dismissed Chen's appeal as premature. After the remaining defendants were voluntarily dismissed, we allowed the appeal to proceed. This court eventually dismissed Chen's appeal in 2019 after she failed to file briefing following multiple extensions and the Supreme Court denied her petition for

Meanwhile, on March 2, 2018, after Judge Hill retired and while Chen's appeal was pending, she filed a motion in superior court seeking to vacate the summary judgment order and the order denying reconsideration.[6]  Chen argued that she was deprived of a fair hearing, the dismissal was based on false or misleading information, the orders were "void," and again, challenged the failure to appoint a GAL.  Approximately six months later, Chen amended her motion to vacate to include additional grounds.  Among other things, Chen claimed there was "newly discovered evidence" as to whether the physicians acted in good faith as required the immunity statute and that the physicians failed to properly serve their motion for summary judgment.  Chen's motion to vacate came before a different judge, King County Superior Court Judge Ken Schubert.  The court entered a show cause order on the motion.  The court also granted Chen's request to appoint counsel to represent J.L. under GR 33 (requests for accommodation by individuals with disabilities) for the limited purpose of drafting a reply brief, if necessary, and to appear at the show cause hearing to present argument on behalf of J.L.

The physicians and SCH jointly opposed the motion to vacate.  J.L., now represented by counsel, filed a reply, asserting (1) an "irregularity" because the physicians' motion for summary judgment was not timely served; (2) the plaintiffs' failure to respond to the summary judgment motion was due to "excusable

---

review of that decision. See, Chen, et al. v. Migita, M.D., et al., No. 77522-7-I (Wash. Ct. App.); Chen, et al. v. Migita, M.D., et al., No. 97015-7 (Wash.).

[6] Chen also sought to vacate the court's order striking the reply brief she filed in support of her motion for reconsideration, which the court struck because it addressed issues beyond the scope of the motion for reconsideration.

neglect;" (3) the court could not have dismissed claims against Drs. Metz and Kodish on the merits because the complaints against them were unsigned and therefore, void; and (4) the court should have construed the motion to continue as a motion to appoint a GAL. J.L. also claimed he had now identified experts to support the claims that the physicians violated the standard of care.

Chen submitted a declaration from a physician who had treated J.L. since 2012. The declaration challenged only Dr. Migita's good faith reporting of suspected abuse or neglect, alleging an inadequate review of J.L.'s medical records. Chen offered no explanation for the failure to obtain this declaration at the time the court considered the motion for summary judgment.

At the December 2018 hearing on the motion to vacate, the court questioned whether Judge Hill could have dismissed the claims against the physicians on the merits if she also agreed that the court lacked jurisdiction. On the other hand, the court stated that the summary judgment ruling was "100 percent right" as to SCH. Ultimately, it concluded that the lack of clarity as to whether the dismissal was with or without prejudice was not a basis to vacate under CR 60 because the judge had an opportunity to clarify her ruling. The court entered an order denying the motion to vacate.

Shortly after, on January 28, 2019, the superior court granted Chen's motion to reconsider and reversed its decision. In its written decision, the court concluded that the failure to specify the basis for granting summary judgment in favor of the physicians warranted vacating the order because if the court lacked jurisdiction over the physicians due to the failure to effect service of process, then the court

8

had "no power to rule on the merits . . . and the dismissal could not have been with prejudice as a matter of law." See State v. Northwest Magnesite Co., 28 Wn.2d 1, 42, 182 P.2d 643 (1947) (dismissal without prejudice is the limit of a court's authority when it lacks personal jurisdiction over a party). The court concluded that the order's silence as to the basis for summary judgment created a "question of regularity of the proceedings that justifies relief." The court did not disturb the summary judgment order insofar as it dismissed the claims against SCH. The court noted that SCH did not dispute proper service or seek summary judgment on procedural grounds. Therefore, there was "no ambiguity as to the legal effect of the dismissal of plaintiffs' claims" against SCH.

The physicians appeal and Chen cross appeals.[7]

ANALYSIS

I.    Irregularity under CR 60(b)(1)

The physicians challenge the trial court's order vacating the 2017 order that granted their motion for summary judgment and dismissed all of Chen's claims against them.

As a threshold matter, Chen argues that the 2019 order vacating the previous order of summary judgment is interlocutory and that the physicians' appeal is premature. This issue has been resolved. A commissioner of this court

---

[7] Chen and Lian filed a brief in response to the physicians' appeal and a cross appeal. Although J.L. was appointed counsel below to address his interests with respect to the motion to vacate, he abandoned his appeal of the initial order denying the motion to vacate and has not filed a brief opposing the physicians' appeal or supporting the cross appeal. See J.L., a minor v. Migita, M.D., et al., No. 79486-8-I (Wash. Ct. App.).

rejected Chen's motion to dismiss the appeal on this precise basis and the Washington Supreme Court denied discretionary review. See Chen, et al. v. Migita, M.D., et al., No. 97526-4 (Wash.). A superior court order granting a motion to vacate a judgment, as entered in this case, is appealable as a matter of right. RAP 2.2(a)(10).

CR 60(b) authorizes a trial court to relieve a party from judgment in specified circumstances. Those circumstances include "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."[8] CR 60(b)(1). CR 60(b) authorizes vacation of judgments only for reasons "extraneous to the action of the court or for matters affecting the regularity of the proceedings." Burlingame v. Consol. Mines & Smelting Co., Ltd., 106 Wn.2d 328, 336, 722 P.2d 67 (1986).

Irregularities under CR 60(b)(1) are those relating to a failure to adhere to some prescribed rule or mode of proceeding. Lane v. Brown & Haley, 81 Wn. App. 102, 106, 912 P.2d 1040 (1996). Generally, these irregularities involve procedural defects unrelated to the merits that raise questions as to the integrity of the proceedings. See In re Marriage of Tang, 57 Wn. App. 648, 654-55, 789 P.2d 118 (1990). For instance, in In re Marriage of Tang, the court reversed an order vacating a decree of dissolution because the failure to include a list of assets and values in the decree was an "irregularity" that justified relief from the decree. Id. at

---

[8] In addition to CR 60(b)(1), Chen cited other subsections of CR 60 as bases to vacate: CR 60(a)(clerical mistake), CR 60(b)(3) (newly discovered evidence), CR 60(b)(4) (fraud), CR 60(b)(5) (void judgment), and CR(b)(11)(any other reason justifying relief from the operation of the judgment). In granting Chen's motion, the superior court relied solely on "irregularity" under CR 60(b)(1).

654. In Lane v. Brown & Haley, the court reversed an order vacating an order of dismissal because the failure to provide notice of a pending summary judgment motion was not an irregularity since "[c]lient notice is not a court requirement." 81 Wn. App. at 106.

We review a decision granting a motion to vacate under CR 60(b) for abuse of discretion. Luckett v. Boeing Co., 98 Wn. App. 307, 309, 989 P.2d 1144 (1999). The trial court abuses its discretion when its decision is based on untenable grounds or reasoning. Id. at 309-10. An abuse of discretion also occurs when the trial court bases its ruling on an erroneous view of the law. In re Marriage of Shortway, 4 Wn. App. 2d 409, 418, 423 P.3d 270 (2018).

The failure to specify the basis for granting summary judgment is not an "irregularity" within the meaning of CR 60(b) because there is no prescribed rule that requires the trial court to articulate the basis for its ruling. "[T]he superior court does not need to state its reasoning in an order granting summary judgment." Greenhalgh v. Dep't. of Corr., 180 Wn. App. 876, 888, 324 P.3d 771 (2014). CR 56 does not require the court to make findings. CR 52(a)(5)(B) expressly provides that findings of fact and conclusions of law are not necessary "[o]n decisions of motions under rules 12 or 56 or any other motion, except as provided in rules 41(b)(3) and 55(b)(2)." Indeed, because appellate review of summary judgment is de novo, findings of fact and conclusions of law are not only unnecessary, they are superfluous and will be disregarded by the court on appeal. Nelson v. Dep't of Labor & Indus., 198 Wn. App. 101, 109, 392 P.3d 1138 (2017), review denied, 190 Wn.2d 1025, 420 P.3d 707 (2018); Hemenway v. Miller, 116 Wn.2d 725, 731, 807

11

P.2d 863 (1991). Chen cites caselaw that pertains to judgments entered in cases where findings are required and thus has no applicability here. See Little v. King, 160 Wn.2d 696, 722, 161 P.3d 345 (2007) (Madsen, J. concurring/dissenting) (involving motion to vacate a default judgment). The order granting summary judgment specified the materials considered in accordance with CR 56(h) and was thus fully compliant with CR 56, the applicable prescribed rule.

In any event, contrary to the trial court's ruling below, the legal effect of the court's order granting summary judgment is not ambiguous when viewed in context of the record as a whole. Any ambiguity was resolved when the court specifically rejected Chen's request on reconsideration to limit the scope of its ruling by clarifying that the dismissal was "without prejudice." The effect of the court's order was also made clear by the fact that the court dismissed the claims against both SCH and the physicians. Since SCH did not dispute the sufficiency of service of process or seek summary judgment on any other procedural ground, the court must have dismissed the claims against the physicians on the merits because the only claims against SCH were based on vicarious liability for the alleged wrongful acts of the physicians.

The superior court's conclusions that Judge Hill was required to address the personal jurisdiction issue before the merits and may have erred with respect to the scope of relief granted to the defendants are not matters "affecting the regularity of the proceedings." See Burlingame, 106 Wn.2d at 336. We need not resolve the issue of whether Judge Hill, in fact, first resolved the jurisdictional issue in Chen's favor. Even assuming that the superior court's analysis on that issue

12

was correct, it is clear that the court vacated summary judgment because of a perceived a legal error. That a judgment or order is legally erroneous is a ground for appeal, but not a basis to set aside the judgment or order.

It is a "long recognized" principle that an error of law will not support vacating a judgment under CR 60(b). Port of Port Angeles v. CMC Real Estate Corp., 114 Wn.2d 670, 673, 790 P.2d 145 (1990). Errors of law are not extraordinary circumstances "correctable through CR 60(b); rather, direct appeal is the proper means of remedying legal errors." State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982). Indeed, the trial court's power to vacate judgments

> "[I]s not intended to be used as a means for the court to review or revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion."

Kern v. Kern, 28 Wn.2d 617, 619, 183 P.2d 811 (1947) (quoting 1 Black on Judgments (2nd ed.) § 329, at 506).

Chen maintains that the superior court's legal analysis was correct and consistent with Washington precedent, and therefore the superior court did not abuse its discretion. But again, because a motion to vacate is not a mechanism to correct legal errors, her arguments are unavailing.[9]

---

[9] Chen also raises several procedural arguments. She contends that the physicians' briefing fails to comply with RAP 10.3(a)(5) by providing a fair statement of the facts and procedure relevant to the legal issues raised. We disagree. The Appellants' briefing is compliant with the Rules of Appellate Procedure. The parties simply disagree about the relevance of particular facts in view of the legal issues before us. And contrary to Chen's argument, the Appellants are not required to include in the record on appeal every document filed below. Their obligation is to perfect the record so that we have before us all the evidence necessary to resolve the issue raised on appeal. See RAP 9.2(b); Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). They have done so. And although Chen argues that the physicians have filed an unauthorized

The court abuses its discretion by vacating an order for reasons other than those specified by CR 60(b). Burlingame, 106 Wn.2d at 336; Tang, 57 Wn. App. at 654-56. Here, the superior court attempted to correct legal error by vacating the order. Relying on a legal error to set aside an order granting summary judgment, the court treated CR 60(b) as a substitute for direct appeal. This was an abuse of discretion and accordingly, we reverse.

II.    Cross Appeal

Chen contends that additional bases under CR 60 support vacating the order granting summary judgment as to SCH. And for various reasons, she claims that the order granting summary judgment is "clearly erroneous."

The physicians argue that Chen cannot seek review of the 2019 order granting reconsideration and vacating summary judgment as to the physicians because she is not aggrieved by that order. See RAP 3.1 ("Only an aggrieved party may seek review by the appellate court."); Randy Reynolds & Assocs., Inc. v. Harmon, 193 Wn.2d 143, 150, 437 P.3d 677 (2019) (a party is aggrieved when a decision affects their pecuniary interests or personal rights or imposes a burden or obligation on them). However, the effect of the order granting reconsideration is to vacate summary judgment as to the physicians, and deny the motion to vacate summary judgment as to SCH. Because Chen seeks to reverse the denial of her

---

overlength reply brief, the brief is within the 50-page limit for a reply brief filed by an appellant/cross respondent. See RAP 10.4(b). Chen's procedural motions made in connection with her response and cross appeal are denied.

motion to vacate as it pertains to SCH, she is aggrieved by that aspect of the order and is not precluded from seeking review.

Nevertheless, many of Chen's arguments do not address the standards to vacate under CR 60, but merely challenge the underlying order granting summary judgment dismissal. For instance, Chen contends that the court erred by denying her motion for a continuance to allow her to conduct discovery, erred in granting summary judgment before the discovery cutoff date, and that genuine issues of material fact precluded the entry of summary judgment. See CR 56(c). But on appeal of a trial court's decision on a CR 60(b) motion, we review only the court's decision on the motion—not the underlying order. Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). We do not consider Chen's arguments that are solely directed at the underlying 2017 summary judgment order because those arguments cannot be raised in this appeal from the court's decision on her motion to vacate.

To the extent Chen contends that the court was required to vacate the order of summary judgment as to both the physicians and SCH on other grounds, we disagree. For instance, Chen relies on the physicians' failure to comply with CR 56(c) by less than 28 days' notice of its motion before the summary judgment hearing. But she did not oppose summary judgment on this basis or establish prejudice. Even if raised in the context of a direct appeal, Chen could not establish that the court abused its discretion by proceeding with the hearing in these circumstances. See Hood Canal Sand & Gravel, LLC v. Goldmark, 195 Wn. App.

284, 295, 381 P.3d 95 (2016) (court does not abuse its discretion by deviating from CR 56's timing requirements if there is adequate notice and time to prepare).

Chen also fails to establish that she was entitled to vacate summary judgment because SCH withheld "critical medical evidence." A judgment may be vacated under CR 60(b)(3) based on new evidence if the moving party presents evidence that could not have been discovered exercising due diligence in time to move for a new trial. Wagner Dev., Inc. v. Fid. & Deposit Co. of M.D., 95 Wn. App. 896, 906, 977 P.2d 639 (1999). The fact that Chen obtained medical records through discovery in other litigation does not establish that she could not have obtained them exercising due diligence. Between the time of J.L.'s evaluation and treatment in 2013 and the physicians' motion for summary judgment in February 2017, Chen made no request to SCH for medical records through discovery or otherwise.

The record does not establish a basis to vacate because Judge Hill presided over the previously-dismissed dependency and did not recuse in this matter. Chen did not file an affidavit of prejudice or a motion to recuse. Recusal is not required unless the circumstances are such that the judge's "impartiality might reasonably be questioned." Wash. Code of Judicial Conduct, 2.11(A). We presume, however, that judges perform "regularly and properly and without bias or prejudice." Kay Corp. v. Anderson, 72 Wn.2d 879, 885, 436 P.2d 459 (1967); Jones v. Halvorson–Berg, 69 Wn. App. 117, 127, 847 P.2d 945 (1993). The dependency proceeding was separate from Chen's lawsuit, and there is nothing in the record to give rise to

inference that the judge's impartiality "might be questioned." No authority requires recusal in these circumstances.

And finally, the summary judgment order is not void for purposes of CR 60(b)(5) because the court did not appoint a GAL to represent J.L. and L.L. A parent may initiate a lawsuit as a guardian on behalf of a minor child. See e.g. Taylor v. Enumclaw Sch. Dist. No. 216, 132 Wn. App. 688, 694, 133 P.3d 492 (2006) (father authorized to sue as minor son's guardian). RCW 4.08.050(1) provides that a trial court must appoint a GAL for children under 14 years of age "upon the application of a relative or friend of the infant." Here, Chen and her husband initiated the lawsuit on their own behalf and as parents and natural guardians of J.L. and L.L. They did not ask the court to appoint a GAL at any time before the court entered the order granting summary judgment. No authority required the court to appoint a GAL on its own initiative.

Because the superior court erred in granting the motion to vacate the order of summary judgment as to the physicians, we reverse and remand for the court to reinstate the order granting summary judgment and dismissing Chen's claims against them. In all other respects, we affirm.

Affirmed, reversed in part and remanded.

WE CONCUR:

Mann, C.J.